## BARKER v. BROWN et al.

1. NEW TRIAL: IMPERFECT RECORD. The appellate court should not interfere with the ruling of the court below, in overruling a motion for a new trial, on the ground that the verdict was unsupported by the evidence, when the record does not present the whole case as it was tried in the court below.

2. SAME. Sufficiency of evidence to sustain a verdict considered.

*Appeal from Linn District Court.*

FRIDAY, JUNE 12.

ACTION upon a bond entered into by the defendants (twelve in number), in which they agree to abide by and pay in full an award to be made by arbitrators, in relation to certain trespasses committed by defendants upon the premises of plaintiff. The answer of defendants is not in the record. From the instructions of the Court and argument, it may be inferred that the defendants did not deny the making the bond, but that they claim, by way of avoidance, that it was signed by them under the influence of threats made by the plaintiff to prosecute them criminally if they would not agree to arbitrate the amount of plaintiff's damages. Upon trial, in the District Court, the verdict and judgment was for the plaintiff, and defendant appeals.

*Withrow & Smith* for the appellants.

*Sibley and Preston* for the appellee.

BALDWIN, Ch. J.—The only alleged error is, that the verdict of the jury was against the evidence, and for this reason a new trial should have been granted. In the first place we remark, that an appellate court should not undertake to say that the District Court abused its discretion, either in granting or refusing a new trial, unless the whole case is pre-

sented to it by the record. It is to be presumed that the inferior court always has some good and satisfactory reason for its ruling, and the appellant should do everything in his power to rebut this presumption, and should leave nothing to be inferred.

The answer of defendants, a material portion of the record in this case, is not before us, nor has the appellant taken any steps to produce it, although the cause has been pending for some time in this Court. We might infer from the evidence, or from the instructions of the Court, or from the argument of counsel, what the issue was, as made by defendants' answer; but this would be an unsafe and unjust manner of determining that the Court had abused its discretion. The evidence upon which appellants claim that the verdict was wrong, may not have supported the issue made by the pleadings; if not, it could not be considered in an application for a new trial. But conceding, in the second place, the issue made by this answer to have been the same as is now claimed by the counsel of appellant, we are still not satisfied that the verdict was so contrary to the weight of evidence, as to enable this Court to grant a new trial.

Several of the defendants are introduced as witnesses in their own behalf, and each testifies that the plaintiff threatened to prosecute him criminally if he did not sign said bond. It will be observed that these witnesses do not refer to a general threat made by the plaintiff to prosecute all of the defendants, but that it was made to each one individually and separately. They, therefore, cannot be said to corroborate each other. The plaintiff, as a witness in his own behalf, denies most positively ever having made any such threats. It is, therefore, but the evidence of one witness against another, and of their credibility, it was the province of the jury to determine. It may be further suggested that these several defendants do not testify that it was wholly in con-

sequence of these threats that they signed the bond. They say that this was the principal inducements for doing so. If there was any other consideration whatever than the threats of plaintiff, they should be bound by their agreement. An agreement to arbitrate a matter in dispute between two parties does not prejudice the rights of either, as an arbitration is a fair and equitable way of settling controversies of this character, and courts should hesitate and find that injustice had been done, or a fraud perpetrated, before they declare such agreements void and not binding.

Affirmed.