## WHITE v. KELLEY.

23   275
83   765

Practice: TRIAL OF DEFAULT CASES IN EQUITY. Where default is made in a chancery cause by the failure of defendant to answer, though present, but making no objection to the manner of submission, the court may, under sections 3000, 3148, of the Revision, try the cause by the second method of trying equitable actions. And, nothing appearing in the record to show upon what evidence the case was heard by the court below, its judgment will be affirmed.

*Appeal from the Washington District Court.*

WEDNESDAY, DECEMBER 4.

PETITION in equity, averring, that plaintiff received from Geo. S. Hampton a deed of trust on certain real estate, made in July, 1855; that Hampton derived title through one James McDonald, deceased; that this deed of trust was foreclosed, and the premises in controversy consisted of 120 acres, was sold thereunder and bought in by the plaintiff. It is then alleged, that James McDonald, in 1846, mortgaged said premises to one Eneas McDonald for $300, that defendant is in possession, falsely alleging, that he is a purchaser from said Eneas, and pretending that the latter was the heir of said James. It is further averred, that defendant also claims to be the owner of said mortgage, and has possession of the same, that he has for five years or more been in possession of the land,

receiving the rents and profits; that these have overpaid said mortgage; that said claim is barred by the statute of limitations, and has been fully paid. The prayer is, that defendant shall produce the mortgage, render an account for the application of the rents and profits in payment of said mortgage, that petitioner be allowed to redeem if any thing remains unpaid, that said mortgage be canceled, the premises restored to plaintiff, and for general relief.

This petition was filed in May, 1860. In June of that year defendant appeared by his attorney and filed his demurrer. At the same term this demurrer was sustained as to one ground, and Hampton was made a party defendant.

The cause thus stood continued from term to term until September, 1865, when, the record recites, that it "came on to be heard on the pleadings and evidence," the parties being represented by counsel. The prayer of the bill was granted, it being found that defendant's mortgage was fully paid, and that he had no rights thereunder, etc. In August, 1866, defendant appealed to this court, and the clerk certifies that he sends up a "full, true and complete transcript of the entire record," and that "on the trial of said cause, there was no written evidence given or filed."

*W. E Miller* for the appellant.

*Grant & Smith* for the appellee.

WRIGHT, J. — The point made on this record is this: That the case is in equity, triable by the first method, that PRACTICE: trial all the evidence must be in writing, and that of default: cases in this court the case is to be heard on this evi- equity. dence and none other; that plaintiff is without such evidence, and his petition must therefore be dis-

missed.   To this we think there is a plain and satisfactory answer.

Defendant never answered the petition.   There was no issue joined, in any form, to be tried by written or other evidence.   Conceding that this was a case triable by the first method, if issue had been joined, yet as no issue was joined, the court could properly try it as one of *default*, and hence try it by the second method. Rev. §§ 3000, 3148.   For defendant, though appearing by attorney, was, in fact, in default for want of an answer or other pleading.   He seems to have stood upon his demurrer. The petition could properly be taken *pro confesso*, and no evidence was needed beyond the facts therein alleged and admitted, taken in connection with the exhibits duly attached and a part thereof.   And there is the less difficulty in this view, when we remember that defendant on the final disposition of the cause was present by counsel, and neither then, nor at any other time, interposed the least objection to the proceedings or decree.   And it is therefore held, that as defendant was in default for want of an answer, was present when the cause was submitted, making no objection, and as there was no issue to try, the court properly heard the case as one of default, and there being nothing to show upon what evidence the cause was heard in the court below, the judgment must stand

Affirmed.