B. F. FISH, Appellee, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

1.   Railroads: NEGLIGENCE: FIRE: EVIDENCE. Where the question of title to real property is only incidentally involved in a cause, parol evidence of such fact will, in the absence of any objection thereto, be regarded as competent, and its competency cannot be questioned for the first time on a motion by the opposite party for an instruction to the jury to return a verdict in its favor.

2.   ——— : ——— : ——— : INSTRUCTIONS TO JURY. An instruction that certain evidence is insufficient to establish a fact in issue may be properly refused when such evidence, taken in connection with other evidence in the case, tends to prove such fact, and the instruction is calculated to mislead the jury.

3.   ——— : ——— : ——— : ———. A judgment will not be reversed by the supreme court because a single paragraph of the trial court's charge to the jury, when taken alone, is susceptible to the interpretation of an erroneous statement of the law, when the language of such paragraph is elsewhere properly modified and explained, and the charge taken as a whole correctly presents the law to the jury.

4.   ——— : ——— : ERRORS NOT OBJECTED TO : APPEAL. Errors of the trial court to which no objection was made at the time, nor made the ground for a motion for a new trial, but are raised for the first time upon appeal, will not be considered by the supreme court.

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

THURSDAY, OCTOBER 23, 1890.

ACTION to recover damages from a fire alleged to have been wrongfully caused by defendant. There was a trial by jury, and a verdict and judgment for plaintiff. The defendant appeals.

*Seevers & Seevers*, for appellant.

*H. H. Sheriff* and *Bolton & McCoy*, for appellee.

ROBINSON, J.—The fire in question was set out on the twenty-first day of July, 1886, and it is alleged destroyed a dwelling-house and grass and hay belonging to plaintiff of the value of six hundred and sixty dollars. It is the theory of the plaintiff that the fire was negligently set by a locomotive engine of defendant on its right of way ; that defendant had negligently permitted rubbish, ties and other timber to accumulate on its right of way; that the material so left on the right of way was burned, and that fire therefrom was carried by a high wind a distance of five hundred and twenty-one feet to the dwelling-house, and that in consequence the dwelling-house was destroyed. The answer admits that defendant is a corporation operating a railway. It further states that, "As to whether defendant's railway passes along and through any farm of plaintiff situated on the line of defendant's railway ; as to whether the dwelling-house belonging to plaintiff was destroyed by fire ; as to whether any hay or grain belonging to plaintiff was destroyed, defendant has not knowledge nor information sufficient to form a belief. Defendant denies each and every other allegation in said petition contained." The verdict of the jury was for six hundred and ninety-four dollars and fifty cents including interest, and judgment was rendered for that amount.

I. Appellant contends that the evidence fails to show that the dwelling-house destroyed belonged to plaintiff. There is some ground for the

1. RAILROADS: negligence: fire: evidence.

claim of the appellee that the answer admits that plaintiff was the owner of the

house. It is referred to as "the dwelling-house belonging to plaintiff," and the denial is not general, but refers to matters not otherwise answered. There was parol evidence to the effect that plaintiff owned the house, given without objection. It is apparent that the question of title was not treated as in dispute. It is true, as a general rule, that the title to real estate cannot be proven by parol if objections be made. *State v. Birmingham,* 74 Iowa, 409. But it is a very common practice to receive such proof as competent when no objection is made, especially in cases when the question of title is not a vital issue, and is only incidentally involved. We discover no objection to the practice, but think it commendable as tending to economize time and abbreviate the record. Defendant made no objection to the evidence in question until all the evidence in the case had been submitted. It then asked the court to instruct the jury to return a verdict in its favor, on the ground that the evidence was insufficient to authorize a verdict for plaintiff. If it be conceded that the request then made raised the question as to the competency of the evidence as to title, we are of the opinion that it was raised too late. *Ham v. Railway Co.,* 61 Iowa, 717; *Saunders v. Mullen,* 66 Iowa, 720; *Becker v. Becker,* 45 Iowa, 240.

II. The court refused to give an instruction asked by defendant in language as follows: "The fact that defendant set out a fire upon its right of way, "if it did set out a fire there, is not evidence that such fire communicated itself to and burned the house of plaintiff, if it be plaintiff's house, but before you can find for plaintiff the plaintiff must satisfy you by the facts and evidence in the case that such fire did communicate to and burn said house, and you cannot so find by mere inference or guess, nor by any theory or arguments of plaintiff's counsel, unless such theory and argument be supported by the facts and evidence in the case."

We think the first part of the instruction was not strictly accurate, and that it was calculated to mislead

the jury.   The fact that the fire was set upon its right of way by defendant would not be sufficient evidence to show that such fire was communicated to and burned the house, but when considered with other facts disclosed by the record, it was properly treated as evidence tending to establish the disputed fact.   So far as the instruction expressed . the law of the case it was given in other instructions.

III.   The sixth paragraph of the charge, after referring to the distance of the engine of the defendant, and the rubbish pile which was fired, from the dwelling destroyed, is as follows :   " I invite your careful consideration to the evidence upon the alleged cause of fire.   You may take into consideration the relation of the fire and the building, whether or not the wind was blowing, and its velocity ; the time when the house was discovered to be on fire, as compared with the time of the passing of the engine of defendant, or the time when the rubbish was discovered to be on fire, the velocity with which the rubbish burned, and to this evidence you may apply your common sense, observation and candid and careful judgment as to the probability or possibility of the fire being caused from sparks communicated in this manner."

3. The same.

It is difficult to say just what the court intended by the language used.   The appellant contends that its effect is to charge the jury that to render defendant liable it is only necessary to prove that it was possible that the fire set by defendant on its right of way caused the destruction of the building.   If the language used were not elsewhere explained or modified we should be constrained to hold that the paragraph quoted would be liable to be interpreted by the jury as appellant claims it should be interpreted.   In that case there would have been reversible error, for it is not true that defendant can be held liable by showing that it was possible only for it to have caused the loss of the building in question.   But the paragraph quoted was necessarily so far modified and controlled by two instructions given at the

request of defendant that it could have had no prejudi-
cial effect of the nature contended for by appellant.
The instructions referred to are as follows: "6. The
plaintiff must not only satisfy you from the evidence
that the defendant set out the fire, but plaintiff must
also satisfy you by the evidence that such fire was com-
municated to the house. This must be shown by evi-
dence; you cannot arrive at such fact by inference or
guess, but such fact must be shown by the facts proved
in the case.

"7. It is not sufficient for the plaintiff to show
merely that the house might have caught fire from the
fire set out by defendant, if the defendant did set it out,
unless the facts relied upon to prove such fact are of
such a nature, and so related to each other, that it is a
conclusion that can be fairly or reasonably drawn from
them. It is not sufficient that they be consistent merely
with that theory, for that may be true and yet they
may not prove the theory."

We think these instructions fully meet the objec-
tions made by appellant to the sixth paragraph of the
charge, and that the jury could not have been mis-
led by it. The charge must be considered as a whole,
and when so considered it does not leave the question
raised by appellant in doubt.

IV. Appellant asked two instructions, numbered 6.
The bill of exceptions shows that one was given, and the
4. ——: ——: other refused. On the margin of the one
errors not
objected to: refused was written the following: "Refused."
appeal. Defendant excepts, D. RYAN, Judge," but
the margin of the other was left blank. Appellant insists
that the court erred in not marking it either "Given"
or "Refused." We do not find it necessary to deter-
mine the question thus presented. The failure to mark
the instruction in question as given was evidently an
oversight, possibly due to the fact that two of those
asked by defendant bore the same number. But the
alleged error was not objected to when the instruction
was given, nor was it made a ground of the motion for
a new trial. So far as we are advised the attention of

the district court was never called to it, and it is urged in this court for the first time.    We think the objection is made too late to be determined on its merits.

What we have said disposes of the controlling questions in the case.    The judgment of the district court is AFFIRMED.