DANIEL PIERCE, Appellee, v. DAVID HERROLD et al., Appellants.

Appeal: RECORD: REVIEW.

*Appeal from Sac District Court.*—HON. J. P. CONNOR, Judge.

MONDAY, OCTOBER 26, 1891.

ACTION to foreclose a mortgage. The petition, in substance, shows that the defendant Herrold made to the plaintiff his note for two thousand dollars, secured by mortgage on four hundred acres of land; that three hundred and twenty acres of the land were purchased by Herrold of the defendant Early under a deed with covenants of warranty. Early's title was adjudged void in a proceeding of Barke against Early, prior to the commencement of this suit. The decree in the suit adjudging the title void was conditional upon the repayment to Early of certain taxes paid by him on the land. The petition in this case asks for judgment and decree of foreclosure against Herrold, and for judgment against Early for one thousand and sixty dollars, actually paid by Herrold to Early as a consideration for the deed; and also for the amount refunded to Early as taxes paid by him, if payment thereof shall be made, and, if not, that he have his decree against the land conveyed by Early to Herrold. The district court entered a decree in substantial accord with the prayer of the petition. The defendant Early appeals.—*Affirmed.*

*James H. Tait,* for appellants.

No appearance for appellee.

GRANGER, J.—The specific complaint on the appeal is as to the judgment of the court granting the relief to the plaintiff against the money to be refunded to the defendant Early because of taxes paid by him. The record in the case will not justify our consideration of the question. No answer is filed in the case, and, hence, no issue was formed for trial. The abstract recites by agreement that it "contains all the pleadings filed in the action, and also all the evidence offered by the respective parties to said cause, or received by the court on the trial of the cause." There are other defendants than those named in the title above, and the decree of the court recites that the defendant Herrold and others "are adjudged to be in default for want of an answer or appearance," and as to the defendant Early and others it recites that, they "having entered their personal appearance herein, * * * the court proceeded to hear the evidence in the case, from which it found," etc., reciting the facts upon which its judgment is based. The abstract, notwithstanding the statements as to its contents, contains only the petition, decree and notice of appeal. It fails to show an issue joined. By the terms of the decree the facts were found from "the evidence in the case." The decree recites certain facts, but does not purport to recite all the facts. To the extent of the facts found no evidence was necessary with no issue, for the facts would be admitted. Code, sec. 2712. The evidence, if in the record, might justify the finding of other facts to sustain the decree, even if those recited would not. The defendant Early was in court, but made no objections to the procedure, and should not and does not complain of that. The parties have stipulated as to the record, but not as to the facts, and, in the absence of the evidence, we must assume facts to support the judgment. The case in principle is very much like *White v. Kelley,* 23 Iowa, 275. The judgment is AFFIRMED.