JANE E. SPANGLER, *et al.*, v. JAMES L. BEAVER, *et al.*

SHERIFF'S FEES: *Subpoena and Order*: On a motion for change of venue for prejudice of the trial judge, the court ordered persons signing affidavits in support hereof to appear for cross-examination, and directed that subpoenas should be served on such of them as the adverse party should indicate to the clerk. The clerk issued "an order to appear for cross-examination," in which he recited the above order, and notified the person named therein to appear in court and submit to cross-examination on a day stated. *Held*, that this order amounted to no more than a subpoena, and

that the sheriff was entitled only to the fees provided for service of subpoenas, for serving the same.

*Appeal from Linn District Court* —HON. WILLIAM P. WOLF, Judge.

FRIDAY, MAY 27, 1898.

ISSUE was joined in an action for partition of certain real estate. Thereupon defendants applied for a change of forum on the ground of the prejudice of the presiding judge, supporting the application by the affidavits of the defendants and about three hundred others. On the application of the plaintiffs, the court entered an order for the cross-examination of affiants, in these words: "And it is further ordered by the court that the affiants signing affidavit for a change be cited to appear before this court on November 18, 1895, at 9 o'clock A. M., for examination touching the matter stated in respective affidavits, and that subpoenas be served accordingly on such of them as the adverse party shall indicate to the clerk." On the twelfth day of November, 1895, the clerk issued the following "order to appear for cross-examination" to the persons addressed: "You are each of you hereby notified that in the matter of the application for change of venue in the above-entitled proceedings and cases the said court has made and entered an order requiring you to appear in court, and submit to cross-examination touching the matters and things sworn to by you in your affidavit in support of said motion for a change of venue; and in pursuance of the said order you are hereby ordered and commanded to be and appear in said district court at Marion, Iowa, on Monday, November 18, 1895, at 9 o'clock in the forenoon. And hereof fail not at your peril." This was served by the sheriff on sixty-nine persons, and in his return he charged as fees for serving one hundred and thirty-eight dollars, or two dollars for each service, and the costs therefor were taxed accordingly by the clerk On the eighteenth day of January, 1896, the plaintiffs and defendants joined in a motion to retax costs, asking that the sheriff be allowed only twenty cents for serving each person, instead of two dollars, as taxed. This motion being overruled, the plaintiffs and defendants appeal.—*Reversed.*

*Hubbard & Dawley, Charles E. Wheeler, J. W. Jamison*, and *Chas. A. Clark & Son*, for appellants.

*Charles W. Kepler.* for appellees.

LADD, J.—The entry was an order, within the meaning of section 3842 of the code. It fixed the time when affiants might be required to appear, and limited the number to those the adverse party should indicate to the clerk. On these only subpoenas were to be severed. The

order did not require affiants to appear in court. It was never served on any one, nor was this required. To have done so, the certified copy of the journal entry, and not the clerk's interpretation of it, should have been used. The clerk issued an order of his own making, which, however, amounted to no more than a subpoena. True, it included certain information which he might, though not bound to, give. It was proper for the court to say in what way affiants might be brought before it, and, having done so, the officers were limited to that method. As the sheriff did not serve an order of the court, he is not entitled to compensation for such a service. The paper the court directed might be served, and which was in fact served, was a subpoena. The sheriff was entitled to thirteen dollars and eighty cents only for service and two dollars and eighty cents for mileage. The motion to retax ought to have been sustained.—*Reversed.*