C. C. LOOMIS, ·Appellant, v. DES MOINES NEWS COMPANY.

**Instructions:** LIBEL: *Privilege.*  An instruction that under the pleadings and evidence plaintiff will be entitled to recover for the publication of a libel, unless the defendant has shown by a preponderance of the evidence that the article complained of was, under the circumstances under which it was published, privileged, was erroneous, as conflicting and misleading.  Paraphrased, it charges that under the pleadings plaintiff is entitled to recover under the evidence, unless the evidence shows he is not entitled to recover.

**Review for Appellee:** MOTION FOR NEW TRIAL PARTIALLY SUSTAINED. Where defendant moved for new trial on thirteen grounds, and 1 the motion was sustained as to two of the grounds, and overruled as to the others, and plaintiff alone appealed, the appellate court can not inquire whether the motion might have been sustained on other grounds than the two specified.

PRESUMPTIONS: *That error was not cured.* Where, on appeal from an order granting a motion for new trial, it is urged that certain special findings cured an erroneous instruction on which the order 3 granting the new trial was based and the record on appeal does not contain the evidence, it will be presumed that the trial court correctly found that the evidence was insufficient to support the special findings.

*Appeal from Polk District Court.*—HON. T. F. STEVENSON, Judge.

MONDAY, FEBRUARY 5, 1900.

THIS action is to recover damages for the publication by defendant in its daily newspaper of a certain libelous article of and concerning the plaintiff when a candidate for election to the office of mayor of the city of Des Moines. The article charges that plaintiff, as sheriff, omitted to make timely and proper service of legal process, as required of him by law, in a case between the city of Des Moines and the Des Moines Waterworks Company, because of favors expected and thereafter given by and accepted from said waterworks company by the plaintiff. Plaintiff alleges that said charge was false, and was made maliciously to injure him, to his damage ten thousand dollars. Defendant answered, admitting that it published the article set out, alleging that it had good reasons to and did believe that the statements made therein were true; that it published the same in good faith, without malice, after diligent investigation as to the truth, and for the sole purpose of informing the voters of said city of the position and relation of the plaintiff towards the Des Moines Waterworks Company. Defendant also alleges that a few days subsequent to the publication of the article, and prior to said election, defendant published a full

and complete retraction of said charge. Defendant further alleges that the article so published was privileged. The jury returned a verdict in favor of the plaintiff for two thousand dollars, and found specially that defendant's editor did not, at the time of publishing the article, believe, and have good cause to believe, said article to be true, and that defendant, or its agents, were actuated by malice at the time of the publication. The defendant moved for a new trial on thirteen grounds, and the motion was sustained as to two of them and overruled as to all the other grounds. Plaintiff appeals from the judgment granting a new trial.—*Affirmed.*

*Wishard & Clark* for appellant.

*Dunshee & Allen* for appellee.

PER CURIAM.—As we have just said, the court sustained the motion for a new trial on two of the grounds set up, and expressly overruled it upon all others. We may concede that upon such a record, the appellee not having appealed, we cannot inquire whether the motion might not properly have been sustained on other grounds than those specified by the trial court. *Collins v. Brazill,* 63 Iowa, 432. A different question would be presented if the court, instead of overruling the motion on all grounds but those it sustained, had made no mention of them. *Voorhees v. Arnold,* 108 Iowa, 77. Only one of the grounds relied on by the trial court to support its action need be considered. This will show sufficient justification for the order made. We have not the evidence before us. The record here consists of the pleadings, instructions, certain special findings, and the motion for a new trial. One of the grounds assigned by the court for granting the new trial was error in the first instruction given the jury. The paragraph is as follows: "The plaintiff in this action, under the pleadings and evidence, will be entitled to recover, unless the defendant has shown by a preponderance

of the evidence that the article complained of and set out in the foregoing statement was, under the circumstances under which it was published, privileged." This instruction was duly challenged in the motion for a new trial. That it is incorrect seems manifest on its face. Paraphrased, the rule of law announced is that under the pleadings plaintiff is entitled to recover on the evidence, unless the evidence shows that he is not entitled to recover. To say the least, this is confusing. It is true, in other paragraphs of the charge the court told the jury that the occasion of this publication was privileged, and left them to say if the language used was in excess of the privilege. But it may well have been in doubt whether the jury was not misled by the first instruction.

We are reluctant to interfere with an order granting a new trial. A large discretion in such matters is lodged with the trial court. We only interfere in a clear case of abuse. *Brammer v. Railway Co.* *(Iowa), 75 N. W. Rep. 668, and cases cited therein. Something is claimed, however, for the special findings to which we have referred in the statement of the case. These findings are urged here as curing the error in the instruction. But, to have that effect, we must find they were correct, and this we are not able to do in the absence of the evidence. The presumption that exists in favor of the correctness of the trial court's ruling leads us to conclude that the findings were not thought to have sufficient support in the evidence. See *Barker v. Brown,* 15 Iowa, 70; *Finley v. David,* 7 Iowa, 3; *Arneson v. Thorstad,* 72 Iowa, 145; *State v. Drorsky,* 73 Iowa, 484; *Pierce v. Herrold,* 83 Iowa, 764; *Smith v. Yaeger,* 85 Iowa, 706; *Bank v. Boesch,* 90 Iowa, 47.—Affirmed.

Granger, C. J., not sitting.

---

*Note—Not to be officially reported.—[Reporter.