J. H. LATTA, Plaintiff and Appellee, v. ILLINOIS CENTRAL RAILROAD COMPANY, Defendant and Appellant.

**Railroads:** KILLING OF LIVE STOCK: DOUBLE DAMAGES: NOTICE. The notice provided for by Code, section 2055, relating to double damages for the killing of stock by a railroad company, need not contain a statement of the details of the accident; nor need it specify the county in which it occurred, as the statute requires that it be served upon the company in that county. In the instant case a sworn statement that on a certain date a two year old steer belonging to affiant was killed by an engine or train of defendant company while on its right of way, of a certain value and claiming damages in that sum, and also stating that defendant's section foreman was notified at the time, is held sufficient.

**Same:** NOTICE OF ACCIDENT: EVIDENCE. The statement in the notice that plaintiff notified defendant's section foreman of the accident was not within the requirement of the statute and not available to plaintiff as proof of that fact, but as plaintiff not only alleged the notice but set it out as an exhibit, and defendant neither denied the same in its answer nor assailed it in any other manner, it was in no position to object to that statement when the notice was offered in evidence.

**Same:** NOTICE OF DEFECTIVE FENCE: EVIDENCE. In an action for the value of stock killed upon a right of way the plaintiff must prove notice to the company, either actual or constructive, that the right of way fence was out of repair; and the proof of such notice must relate to a time prior to the injury.

**Same:** FENCES: REPAIR: NEGLIGENCE: BURDEN OF PROOF: INSTRUCTION. Where a right of way fence was properly constructed in the first instance the railway company's duty thereafter is only to maintain the same; and the burden is upon the owner of stock killed upon the right of way, which escaped by reason of defects in the fence, to show that the company failed to repair the same within a reasonable time after notice either actual or constructive.

In this action the instruction is erroneous because requiring the company to prove absence of negligence, thus relieving the plaintiff of such burden. Nor was the error cured by other instructions which are simply contradictory of it.

*Appeal from Harrison District Court.*—HON. W. R. GREEN, Judge.

FRIDAY, MAY 5, 1911.

THIS is an action for double damages for the killing of stock upon defendant's right of way. There was a verdict for plaintiff, and defendant has appealed. *Reversed.*

*S. H. Cochran* and *Kelleher & O'Connor,* for appellant.

*Roadifer & Arthur,* for appellee.

EVANS, J.—The petition was in four counts. The first count claimed for the killing of a hog in February, 1909; the second for the killing of a two year old steer in August, 1908; the third for the killing of three two year old steers in July, 1909; the fourth for the killing of one two year old steer July 14, 1909. On the second count the jury found for the defendant. On the first, third, and fourth counts it found for the plaintiff. The defendant is satisfied with the finding on the first count, and asks no relief therefrom. The plaintiff has not appealed from the adverse finding on the second count. The questions before us, therefore, relate only to the third and fourth counts. On these counts the jury allowed double damages.

I. One of the questions presented for our consideration is whether the plaintiff sufficiently complied with the provisions of section 2055 of the Code to entitle him to double damages. On the 17th day of July, 1909, the plaintiff caused to be served upon a station agent of the defendant in Harrison county where the loss occurred the following notice in writing, which was duly verified: "I, J. H.

1. RAILROADS: killing of live stock: double damages: notice.

Latta, being duly sworn on oath, state that on the night of the 14th day of July, 1909, one two year old steer belonging to me was killed by an engine or train of the Illinois Central Railroad Company on the right of way of said company. The value of the steer was $33.00. I called the attention of the section foreman to the matter at the time. I hereby make claim for the sum of $33.00 as damages by reason of the loss of said steer. J. H. Latta." On the 7th day of July, 1909, a notice, the same in form, was served in the same manner, whereby the plaintiff claimed damages for the loss of three steers killed on the day preceding. It is urged upon us that this form of notice is insufficient, because it fails to state the time, place, or circumstances of the killing, and because it fails to state that the stock was killed in Harrison county. Section 2055 of the Code so far as applicable at this point is as follows: ". . . If such corporation fail or neglect to pay such damages within thirty days after notice in writing that a loss or injury has occurred, accompanied by an affidavit thereof served upon any officer, or station, or ticket agent employed by said corporation in the county where such loss or injury occurred, such owner shall be entitled to recover from the corporation double the amount of damages actually sustained by him." By comparison of the notice with the statute, it will be observed that the notice is quite a literal compliance with the statute. The statute does not require the notice to deal in details. These can be ascertained by inquiry. In this respect this statute differs in form from paragraph 1 of section 3447 relating to claims for damages from municipal corporations. This section does require that a written notice verified by affidavit shall be given in the county where the loss occurred. It is urged by defendant that the notice should contain sufficient specification to enable the defendant to investigate the facts pertaining to the loss. We can not say as a matter of law that a notice in the above form is not

sufficient to enable the defendant to make the investigation. It was clearly within the province of the Legislature to determine what would be a fairly sufficient requirement for such a notice. We are impressed, also, with the practical sufficiency of the form of the notice as above given. It did, in fact, result in an immediate investigation by the section foreman of the defendant upon the ground. As a witness for defendant, he has given a full and detailed description of all that was apparent at the place of the accident immediately thereafter. The question now under consideration was before the court in *Mundhenk v. C., R. I. & P. R. R. Co.,* 57 Iowa, 718. In that case the notice was held to be a sufficient compliance with the statute. It is pointed out by appellant, however, that the notice in that case did state that the loss occurred "in Marshall county," and that the notices under consideration here failed in that respect. The notice under consideration did not state that the loss occurred in Harrison county. The statute does not in terms require such statement. Unless such a statement is fairly necessary to give effect to its purpose, we would not be justified in engrafting upon the statute such a requirement.

If the notice provided for by section 2055 could be effectively served upon the defendant in any county within the state other than that wherein the loss occurred, then there would be force to the argument of appellant at this point. This argument is that, so far as appears from the notice, this loss or injury might have occurred in any county through which defendant's line of railway passes, and that the defendant ought, therefore, to have its attention directed at least to the particular county where the loss occurred. The trouble with this argument is that it could never have a practical application. The statute requires the notice to be served upon some agent within the county where the loss occurred. A notice to an agent in Harrison county of a loss or injury occurring in some

other county would not be effective for any purpose, even though the name of such other county were specified therein. In such a case the railroad company could entirely ignore the notice. A notice to an agent in Harrison county could only be effective as relating to a loss occurring within such county. In such a case the implication that the loss specified occurred in the county where the notice was given is so prominent and strong that no practical purpose could be accomplished by requiring the name of the county to be incorporated in the notice itself. To so hold in the absence of express statutory requirement would be exceedingly technical and would quite ignore the practical surroundings of the parties. We hold, therefore, that the notice was a sufficient compliance with the section of the statute above quoted.

II. On the trial of the case the plaintiff offered and introduced in evidence the verified notices which have been discussed in the foregoing paragraph. The defendant objected to and moved to strike the follow-

2. SAME: notice of accident: evidence.

ing sentence therein: "I called the attention of the section foreman to the matter at the time." It is urged that this statement was not required by any provision of the statute, and that it was, therefore, incompetent, immaterial, and irrelevant. We are disposed to concede that this part of the notice went beyond the requirements of the statute, and that the statement of fact contained therein was not available to the plaintiff as proof of such fact. It is not apparent to us, however, how any prejudice could arise therefrom. Be that as it may, the appellant is in no position to urge the objection. The plaintiff not only alleged a verified notice as a basis for a claim for double damages, but he set out the notices themselves as exhibits to his petition. Defendant's answer avoided any denial of the allegation of such notice or of the exhibits set out to the petition, nor did it assail the exhibits in any manner as containing im-

proper matter. In this state of the pleadings the plaintiff had no occasion to introduce the notices in evidence at all. In the submission of the case he was entitled to the benefit of his undenied allegations and exhibits. The ruling of the court put the defendant in no worse position than it would have been if the plaintiff had rested upon the state of the pleadings at that point, and had made no reference to his exhibits in the introduction of evidence.

III. The plaintiff testified as a witness that some time after August, 1908, he notified the defendant's section foreman of the condition of the right of way fence on his farm. He also testified that in May, 1909, he had a similar conversation with the station agent at Logan. This evidence

3. SAME: notice of defective fence: evidence.

was introduced over successive objections by defendant. The special objection was as follows: "On the showing that is made, defendant moves to strike the testimony of the witness respecting the notice given as immaterial, irrelevant, and incompetent, it appearing that such notice was given subsequent to the time of the injury of the stock." It was incumbent upon the plaintiff to prove notice to the defendant, actual or constructive, that the fence was out of repair. The evidence objected to was admissible for that purpose if it occurred prior to the alleged injury of the stock. It did occur prior to the alleged losses on July 6 and 14, 1909. There was no error at this point.

IV. The trial court gave instruction No. 6, as follows: "If this plaintiff has shown by a preponderance of the evidence that he was the owner of any cattle which it is alleged in the petition escaped from his pasture onto the right of way of the defendant, and were there struck and killed

4. SAME: fences: repair: negligence: burden of proof.

by a train operated by defendant, then the defendant would be liable for the damage he thereby sustained, unless the defendant has shown that the destruction of plaintiff's

property was not caused by a failure on its part to maintain the fence between the right of way and plaintiff's pasture in the manner required by law." It was an undisputed fact in the case that the appellant had originally constructed a proper right of way fence. The measure of appellant's duty, therefore, was only to use ordinary and reasonable care to maintain the same and to keep the same in repair. In such a case the burden was clearly upon the plaintiff to show negligence, in that the defendant company had failed to repair such fence within a reasonable time after it became defective; that is to say, within a reasonable time after notice, actual or constructive. The effect of the instruction above quoted was to cast upon the defendant the burden of proof to show absence of negligence and to relieve the plaintiff of such burden. This very point was fully considered in *O'Mara v. Railway,* 140 Iowa, 190. The holding therein was adverse to the instruction above quoted.

It is urged by appellee, however, that such error was cured by instructions eight and nine. It is said that instruction eight contained the following: "If the fence was originally constructed in the manner required by statute then, even though it did become defective in this respect, there could be no liability unless such defective condition had existed long enough that the defendant in the exercise of reasonable care ought to have known thereof, and had the same repaired prior to the time the cattle escaped, if they did so escape." It is said that the above is sufficient to cure the error in instruction six. It cures it only to the extent that it contradicts it. If we say that instruction eight put the burden upon the plaintiff to prove negligence, it is nevertheless true that instruction six put the burden upon the defendant at the same point. There was no ambiguity in instruction six in this respect which might be deemed cured by another proper instruction. Whether the jury followed one or

the other must be a matter of mere conjecture. We may say here, also, that instruction eight as above quoted is taken by us from appellee's brief. We do not find it in this form in the abstract. The clause, "there could be no liability," which appears in appellee's brief, appears in the abstract as "there could be liability." The omission of the word "no" before the word "liability" is perhaps a mere clerical error and oversight. If it occurred in the instruction as actually given to the jury, it tended to emphasize instruction No. six. If it occurred only in the printed abstract, the error ought to have been discovered before submission to us. While it is apparent to us that it was a manifest error, we have no way of determining when it came into the record. Appellee also urges that the error in instruction six was cured by the following in instruction nine: "Unless it is shown that the cattle escaped at some place where the fence failed to comply with the law there can be no recovery by reason thereof." Neither does this clause cure the error except so far as it contradicts it. It is to be noted, also, that this sentence of itself would fall far short of stating the basis of defendant's liability. According to this instruction, the defendant would be liable to the plaintiff, regardless of its own negligence, provided only that the "fence failed to comply with the law" at the particular time when the cattle escaped through it. We see no escape from the conclusion that a new trial must be ordered because of error in the sixth instruction.

The judgment below is therefore *reversed*.