MARTHA E. FLETCHER, Appellee, v. CLAY KETCHAM, Appellant.

**APPEAL AND ERROR:** Interrogatories In Re Undisputed Questions. Error may not be predicated on the submission of interrogatories and the answering thereof in full accord with complainant's theory of the facts.

**TRIAL:** Contradictory Instructions. Instructions are not contradictory simply because they separately and independently present plaintiff's theory of the facts and defendant's defensive matter thereto.

*Appeal from Davis District Court.*—SENECA CORNELL, Judge.

FEBRUARY 16, 1920.

ACTION to recover damages for breach of promise.   The answer was in general denial, and the further affirmative defense of settlement, evidenced, as is alleged, by a written receipt.   There was a trial to a jury, and a verdict and judgment for the plaintiff.   Defendant appeals.—*Affirmed.*

*Sloan & Sloan,* for appellant.

*Walker & McBeth,* for appellee.

PRESTON, J.—The case has been here before.   *Fletcher v. Ketcham,* 160 Iowa 364.   The nature of the action, issues, and so on, will be there found, and will not be now repeated. The case was reversed on the former appeal, because of an erroneous instruction in regard to an attorney testifying. After the reversal, a change of venue was granted to Davis

County. Most of the objections now argued were determined in that case, and adversely to defendant. Some additional evidence was introduced by both sides, but, in the main, the case was tried on substantially the same record as before, by stipulation that the transcript or abstract on the former appeal might be used. The same interrogatories were submitted to the jury as before. With three exceptions, the instructions are the same in this case as in the first trial. Quite a number of errors are assigned. Appellee contends that but four of them are properly presented. We shall consider such as are argued and seem to be controlling.

Appellant states in argument that "no evidence was introduced by the defendant to controvert the promise of marriage or the breach thereof, so that the case is quickly boiled down to the question of settlement and receipts taken." And again:

"The question of promise of marriage, its breach, and seduction, were not controverted by the defendant, except by the pleadings, so that the whole situation revolves around the settlement."

1. The fifth interrogatory submitted to the jury, and the answer, is this:

"Int. No. 5. Do you find from the evidence that the words, 'and in full of any claim against Clay Ketcham,' on Exhibit No. 4, have been added to that receipt since the plaintiff signed it? Ans. Yes. (Signed) L. C. Anderson, Foreman."

It is urged by appellant that the finding of the jury in such answer is not supported by the evidence. The same question was presented on the former appeal, and we then held that there was ample testimony to take the case to the jury on the question of the genuineness of the two receipts in issue, and that the special finding has support in the testimony. The evidence on the last trial was substantially

the same as on the first, on this proposition, though, as we understand the record, an additional witness was introduced to sustain plaintiff's claim, and handwriting experts were used. There is testimony both for and against, and such a conflict as to take the case to the jury.

2. Four other interrogatories were submitted to the jury, and answered to the effect that there was a marriage contract between the parties, to be consummated at a certain time, and that the marriage was postponed twice, at the request of defendant, and so on. Appellant contends that the court erred in submitting such interrogatories, because they are not determinative or decisive of the case, and should have been refused, because they were misleading and confusing to the jury as to the real issues. We are inclined to think that the interrogatories were properly submitted; but, without determining that question, it seems to us that, in view of the statement by appellant before set out, that no evidence was introduced by defendant on these subjects, we are unable to see how there could have been any confusion in the minds of the jurors, or any prejudice to the defendant from the submission of such interrogatories.

1. APPEAL AND ERROR: interrogatories in re undisputed questions.

3. After stating the issues, the court, in Instruction 5, said to the jury, in substance, that, under the issues thus made, the burden of proof is on the plaintiff, and that, in order to recover, she must prove the allegations of her petition by the greater weight or preponderance of the evidence, and that, if she had done so, the jury should find for plaintiff; otherwise, they must find for the defendant. It is thought by appellant that this instruction ignores the question of the alleged settlement, and that it is inconsistent and in conflict with Instructions 12 and 13, which relate to defendant's affirmative defense of settlement. It seems to

2. TRIAL: contradictory instructions.

us it would have been a very easy matter for the trial court to have added a few words to Instruction 5, to the effect that, if they found the allegations of plaintiff's petition established, she would be entitled to recover, unless they found there was a settlement. Had the court done this, it would have avoided an appeal, probably, as to this point at least, and would have avoided extended argument, citation of authority, and additional labor for this court. But the instructions must be all considered together, as a whole. The jury could not have been misled, and have overlooked the question of settlement. That was really the vital point in the case, and the jury could not have understood otherwise. As said, there was no evidence introduced by defendant in denial of plaintiff's claim that there was a promise of marriage, and a breach thereof. It is clear that Instruction 5 refers briefly to plaintiff's claim, as set out in her petition. The jury could not have understood otherwise. Then the court later goes on and instructs more fully on the question of the alleged settlement. To the point that Instruction 5 is inconsistent with Instructions 12 and 13, as they claim, appellant cites *Latta v. Illinois Cent. R. Co.*, 151 Iowa 244; *Ford v. Chicago, R. I. & P. R. Co.*, 106 Iowa 85; *Gibson v. Burlington, C. R. & N. R. Co.*, 107 Iowa 596; *Loomis v. Des Moines News Co.*, 110 Iowa 515. Appellant argues that contradictory and conflicting instructions are usually held to be erroneous, except in cases where the court can say there was no prejudice. The last three cases above cited are cited to sustain this last proposition. In the last-named case,—that is, the *Loomis* case,—the appeal was from an order granting a new trial, because the trial court may have been in doubt whether the jury was not misled by the instructions alleged to have been contradictory. Appellee cites to the proposition that instructions must be read and considered as a whole, and their meaning thus ascertained, and not from any one or parts of the charge;

that, when so construed, if the instructions as a whole fairly present the law, they will not be condemned, although one standing alone may not be complete. *State v. Golden,* 49 Iowa 48; *Beazan v. Inc. Town of Mason City,* 58 Iowa 233; *Mitchell v. Pinckney,* 127 Iowa 696; *State v. Sheets,* 127 Iowa 73; *State v. Mitchell,* 130 Iowa 697; *Fish v. Chicago, R. I. & P. R. Co.,* 81 Iowa 280; *Martin v. Murphy,* 85 Iowa 669; *Templin v. Inc. City of Boone,* 127 Iowa 91; and other cases. As said, the question as to the alleged settlement was the principal point being contested. That matter was continually kept before the jury. It would be idle to say that the jury were misled and did not understand that, if the matter was settled, as contended by appellant, the plaintiff could not recover, even though she had proved the promise of marriage and the breach thereof. And this is especially true in view of the fact that the jury found specially against defendant in the special interrogatory on the question of settlement. If Instructions 5 and 12 were given or combined in one instruction, there would, perhaps, on the face of it have been less apparent conflict.

4. Instructions 12 and 13 read thus:

"12. The plaintiff alleges that the last nine words in the receipt, Exhibit 4, were inserted in said exhibit after she had signed it, and without her knowledge or consent. The burden is on plaintiff to prove by a preponderance or greater weight of the evidence the said alleged insertion of said nine words, and, if she has failed to so prove such alleged insertion of said nine words, you should consider that said exhibit was in the same language when it was signed as it is at this time. But whether or not said words were written into said receipt after plaintiff had signed it is not necessarily determinative of the case: that is, if you find the facts referred to in the next instruction in favor of the defendant, then the cause is not necessarily to be found against the de-

fendant, even though you should find the last nine words to have been written after plaintiff had signed the paper.

"13. If you find from the greater weight or preponderance of the evidence that, at the time of the claimed settlement, the plaintiff and her mother and brother, in plaintiff's presence and with her knowledge, by their words, actions, or conduct led and induced B. F. Ketcham, as a reasonable man, to believe, and plaintiff knew, or, as a reasonable person should have known, that he believed that she, the plaintiff, accepted the money that day paid to her, as full satisfaction of all claims she had against the defendant, including the claim for breach of promise involved in this case, and you further so find that the money that day paid to plaintiff would not have been paid to her, had not the said B. F. Ketcham so understood and believed, then your verdict should be for the defendant."

No. 13 is substantially a copy of defendant's offered Instruction No. 2. This was given on the defendant's claim and theory that the plaintiff is presumed to intend to be understood according to the reasonable import of her words. Their contention is that Section 4617 of the Code, and *Sessions v. Rice,* 70 Iowa 306, apply, because of the testimony of plaintiff and her witnesses. We have already said that there was a question for the jury whether the settlement was as claimed by defendant or plaintiff, and that the evidence supports the finding of the jury. This disposes of appellant's contention that, whether Instructions 12 and 13 were right or wrong, they were the law of the case, and that, if the verdict is against them, it must be set aside. The facts referred to in No. 13, as defendant claims them, make a controverted question for the jury. The jury having found against the defendant as to the facts referred to in No. 13, there is no inconsistency in the verdict, and it is not contrary to either of the two last-named instructions. It was plaintiff's contention that only the bastardy case was being

settled, and not this breach of promise case, or any other.

After considering the entire record, we are of opinion that there was no prejudicial error. The judgment is, therefore,—*Affirmed.*

WEAVER, C. J., EVANS and SALINGER, JJ., concur.