G. R. MACKINTOSH, Appellee, v. J. B. LOCKE, Appellant.

**Construction of Contract:**     Plaintiff and defendant contracted that plaintiff should cut the stone, to be used in building an abutment, according to specifications, for which he should receive a stipulated sum per yard, measured in the wall. The specifications required the stone to be trimmed on the face edge to the dimension line, and the 'face of the stone left rough and uneven. *Held*, that, in the absence of a rule or custom to the contrary, plaintiff was entitled to recover for the amount of stone in the rough face projecting beyond the dimension line.

**Amendment Ordered on New Trial:**     TIMELY FILING. Where plaintiff was required, as a condition precedent to the granting of a new trial, to file a substituted petition tendering the issue on which the new trial was granted, and such petition was filed some days after the order was made, and no motion was interposed, it had the same force and effect as though filed at the time the order was made.

**Pleadings:** CONSTRUCTION. By agreement, plaintiff was to receive from defendant a stipulated sum per yard for cut stone, to be measured in the wall. They disagreed as to whether plaintiff was entitled to compensation for the amount of stone in the rough face projecting beyond the dimension line. In his

3 petition, the plaintiff alleged the total amount for which he claimed compensation without specifying the amount of the disputed claim. *Held*, that to the extent that the disputed amount was embraced in the total it was put in issue by the petition.

**Appeal:** REVIEWS *Granting new trial*. The Supreme Court will not set aside an order of the trial court granting a new trial unless it clearly appears that the discretion vested in the

4 trial court in such matters has been abused.

*Appeal from Polk District Court.*—HON. T. F. STEVENSON, Judge.

FRIDAY, OCTOBER 19, 1900.

ACTION at law to recover for labor done under written contract, and for damages growing out of the performance thereof. The case was tried to a jury, resulting in a verdict in a small amount for the plaintiff. Plaintiff's motion for a new trial was sustained, and defendant appeals.—*Affirmed.*

*J. K. Macomber* for appellant.

*Jones & McHenry* for appellee.

DEEMER, J.—Plaintiff and defendant entered into a contract by the terms of which defendant agreed to furnish rough stone on the cars in the city of Des Moines at the rate of $7 per yard of 4,000 pounds, ready to be cut. Plaintiff, on his part, agreed to cut the stone in accordance with certain plans and specifications, and place it on wagons ready for delivery at the site of the bridge which was being constructed by defendant in the aforesaid city, and to do the work so that the stone should not cost defendant to exceed $9.50 per yard, measured in the wall. Defendant was to pay for the cutting "an amount sufficient to make up the sum of $9.50 per yard, delivered on wagons." One of the stipulations of the contract reads as follows: "The parties of the second part are to stand

all loss caused by waste, or less freight on waste, so that the stone shall not cost the said party of the first part to exceed $9.50 per yard, as aforesaid on wagons, ready for transportation to the abutments. The said party of the first part agrees that all waste shall belong to the second parties, and that the said first party will buy, at market prices, such stone for concrete as he may need in putting up said aboutments, if said second parties see fit to prepare the stone for concrete." Plaintiff was the second party to the contract. Each party undertook the performance of his part of the contract, and when the bridge was completed a controversy arose between them regarding the amount due plaintiff thereunder. The plans and specifications of the bridge called for rock-faced stone; that is to say, each stone was required to be trimmed on the face edge to the dimension line, and the face of the stone was left rough and uneven, so as to give a rustic finish. The controversy arose over the measurement of the stone in the wall. Plaintiff offered to show the amount of stone in the rough face projecting beyond the dimension line, but the court would not permit him to do so, and, at the conclusion of the evidence, charged that there was practically no dispute as to the amount of stone in the bridge. After hearing the motion for a new trial, the trial judge evidently changed his mind, and held "that the claim made by the plaintiff that he was not allowed, in the estimate of the amount of cut stone cut by himself or his associates, for the rock face, was not considered and determined upon the trial; and the court, finding that it was the right of the plaintiff to have such questions tried and determined, concludes that a new trial should be granted to the plaintiff." This ruling was on condition that plaintiff relinquish all claims for excessive waste, except to the amount of 3,600 pounds, agreed upon by the parties. The condition was accepted by plaintiff, and a new trial was granted.

The evidence above referred to was offered in rebuttal, and objection on the ground that it was not rebuttal was lodged against it. The court, however, did not sustain the objection on that ground, but held that the evidence was not material. In view of the court's ruling on the motion, and of the record that is before us, we are constrained to hold that, while the court may well have found that the evidence was not properly admissible in rebuttal, still, as it did not do so, but precluded further inquiry by saying that it was not admissible or material, the question of materiality may properly be considered. As the stone was to be cut in accordance with the plans and specifications for the bridge, and as the rock face required labor, in the form of chipping or cutting, we are of opinion that, in the absence of rule or custom to the contrary, the rough or rock face should be counted in arriving at the amount of cut stone in the bridge, and that the court did not err in granting the new trial. Appellant says that the point on which the motion was sustained was not made by the pleadings, and was not in issue between the parties. It may be that the original pleadings did not tender the issue; but plaintiff, by order of the court, and as a condition precedent to the granting of the new trial, was ordered to file a substituted petition that did tender such issue. This he did, although it was filed some days after the order was granted. No motion was made to strike this substitute, and, as the new trial was granted on condition that it be filed, the case stands as if it were filed at the time the order was made, and was now resting on the substituted petition. We are not to be understood as holding that the original petition does not claim the rock face as a part of the cut stone. To the extent that it is embraced in the 1,002.6 cubic yards stated in the petition as the amount of cut stone, it is claimed therein.

There are some other grounds on which the motion might properly have been sustained, but, as the one already

considered is sufficient to support the ruling, we need not refer to them. It requires a clear case to justify us in setting aside the ruling of a trial court granting a new trial. Ordinarily, unless it appears that the discretion lodged in it in such matters has been abused, we do not interfere. This is not such a case as calls for a reversal, and the order granting the new trial is AFFIRMED.

GRANGER, C. J., not sitting.