JOHN WARD v. MARSHALLTOWN LIGHT, POWER AND RAILWAY COMPANY, Appellant.

**Street railways:** PERSONAL INJURY: CONTRIBUTORY NEGLIGENCE. 1 Where the circumstances are such as to justify a pedestrian in believing that he can cross a street without danger from an approaching street car, when operated at a proper rate of speed, but without again observing the car is struck by it while running at an improper speed, the court will not say as a matter

of law that he was guilty of negligence in failing to observe the car as he came in immediate proximity to the track.

**New trial:** QUOTIENT VERDICT. The rendition of a quotient verdict is ground for a new trial.

**Same:** INADEQUACY OF VERDICT. Inadequacy of verdict is ground for a new trial and when granted the court's discretion will not be interfered with in the absence of its abuse.

*Appeal from Marshall District Court.*— HON. G. W. BURN- HAM, Judge.

WEDNESDAY, JULY 11, 1906.

REHEARING DENIED SATURDAY, DECEMBER 15, 1906.

ACTION to recover damages for personal injuries result- ing from being run into by defendant's electric railway car at a street crossing. Verdict for plaintiff for $67. Defend- ant appeals from the action of the court in overruling its motion for directed verdict at the close of the evidence, and from the court's further action in setting aside the verdict and granting a new trial on the motion of plaintiff.— *Af- firmed.*

*Chas. E. Ransier* and *Binford, Snelling & Farber,* for appellant.

*F. E. Northrup* and *Boardman, Aldrich & Lawrence,* for appellee.

McCLAIN, C. J.— 1. Assignment of error in the over- ruling of defendant's motion to direct a verdict in its favor is predicated on the claim that there is no evidence to show

1. STREET RAILWAYS: personal injury: contributory negligence.

want of contributory negligence on the part of plaintiff. With respect to plaintiff's freedom from contributory negligence the evidence tended to show that, at the curb line, before at- tempting to cross the street, he saw the car which caused the

injury approaching him at the distance of about a block and a half; that without further attention to the car he proceeded to cross the street, and when he reached the defendant's track, twelve feet from the curb line, he was struck by the car; that the car was running at a speed of thirty miles an hour, whereas, under the provisions of the city ordinance its speed should not have exceeded twelve miles per hour; and that the motorman gave no signal or warning until his car was so close to plaintiff that he was unable to avoid a collision. It requires no very elaborate mathematical calculation to show that, if plaintiff saw the car approaching a block and a half away when he was at the curb line, he could have crossed the track in safety before it reached him if it had been going at a rate of speed not exceeding that fixed in the ordinance, while, on the other hand, he was likely to be injured, as he was, if the car was going at twice that speed. Now, while it has been well said that one about to cross a street car track should take precaution for his own safety *Beem v. Tama & T. Electric R. Co.,* 104 Iowa, 563; *Metz v. St. Paul City R. Co.,* 88 Minn. 48 (92 N. W. 502), and should not rely upon nice calculation as to whether or not he can cross before a moving car, *McGee v. Consolidated St. R. Co.,* 102 Mich. 107 (60 N. W. 293, 26 L. R. A. 300, 47 Am. St. Rep. 507); *Terien v. St. Paul City R. Co.,* 70 Minn. 532 (73 N. W. 412); *Watson v. Mound City St. R. Co.,* 133 Mo. 246 (34 S. W. 573), yet if under the circumstances as they appear to him he is justified in believing that he can cross the track in safety, and he is in fact injured by reason of the improper speed at which the car is operated, we can hardly say that his recovery should be defeated by the fact that if he had looked at the very instant he came into immediate proximity to the track he might have discovered his danger and avoided it. Under such circumstances we think the question of contributory negligence is properly left to the jury. *Patterson v. Townsend,* 91 Iowa, 725; *Hart v. Cedar Rapids & M. City R. Co.*

109 Iowa, 631. This case differs from that of *Ames v. Waterloo & Cedar Falls R. Co.*, 120 Iowa, 640, because in that case there was no evidence that the person who was killed by being struck by the car had taken any precaution whatever with reference to his own safety. He was going from a place of safety into a place of danger without exercising any precautions. But here the jury may well have found that plaintiff was taking such precaution as the circumstances required. We are satisfied that the court properly left it to the jury to say whether plaintiff failed to act as a reasonably prudent person should act under the circumstances.

II. One of the grounds of the motion for new trial, which included several grounds and was sustained generally, was that the jury was guilty of improper conduct in the method of reaching their verdict, in that they arrived at a compromise verdict by each juror placing on a slip of paper the amount which he thought plaintiff ought to recover, and agreeing that the amount resulting by dividing the total of these sums by twelve should constitute the verdict in the case, and that the amount of the verdict was thus determined. The showing is such that the trial court may well have found that this was substantially the method pursued by the jury. That a quotient verdict may properly be set aside has frequently been decided by this court. See *Sylvester v. Town of Casey*, 110 Iowa, 256, 261.

2. NEW TRIAL: quotient verdict.

Another ground urged for new trial was the inadequacy of the verdict. The court may well have sustained the motion for this reason. *Tathwell v. Cedar Rapids*, 122 Iowa, 50. A large discretion is vested in the court in matters of this kind, and we are slow to reverse where a new trial is granted. *Mally v. Mally*, 114 Iowa, 309; *Loomis v. Des Moines News Co.*, 110 Iowa, 515; *McIntosh v. Locke*, 112 Iowa, 252; *Rodgers v. Farmers' Nat. Bank*, 117 Iowa, 511.

3. SAME: inadequacy of verdict.

The rulings of the trial court of which complaint is made are sustained, and the judgment is *affirmed.*