Irving H. Fowle, Appellee, v. B. F. Parsons, Appellant.

**Expert evidence:** VALUE: SUBMISSION OF ISSUE. While there is a class of cases where the opinions of skilled experts is of great weight, and may be binding upon the jury when undisputed; yet where the expert evidence related solely to the question of the value of medical and surgical services the issue was for the jury, although the evidence was undisputed.

*Appeal from Polk District. Court.*—HON. LAWRENCE DE CRAFF, Judge.

SATURDAY, JUNE 7, 1913.

ACTION to recover for professional services performed by plaintiff for defendant. There was a directed verdict for plaintiff. Defendant appeals.—*Reversed.*

*Brammer & Berryhill,* for appellant.

*George Wambach,* for appellee.

PRESTON, J.—Plaintiff sued to recover $187.50 for his services in performing a surgical operation on defendant's foot. Defendant admitted the performance by plaintiff of the services, but denied they were of the value alleged. Plaintiff and his assistant, Dr. Frew, testified that the value of the services performed and medicines furnished were of the value of $187.50. There was nothing in defendant's evidence to contradict such evidence as to the reasonableness of the charges made by plaintiff. Thereupon the court directed a verdict for plaintiff for the full amount of his claim, with interest.

Appellant contends that, nothwithstanding the fact that plaintiff's evidence as to the value of the services was not dis-

puted, it was still a question for the jury, and his contention must, under the authorities, be sustained.

There is a class of cases where skilled and experienced experts give their opinions, based in part upon facts which have come within their own observation, or where they state precise facts in science as ascertained and settled, holding that such opinions are entitled to great weight, and are perhaps binding on the jury if undisputed. Jones on Evidence (Pocket Ed.) section 392; *State v. Vance,* 38 Utah, 1 (110 Pac. 434, 441); *Moore v. Railway,* 151 Iowa, 353, 360.

At first glance, it might seem that the same rule would apply in a case like the one at bar, where the witnesses were physicians and surgeons; but here the opinions of the experts related to the question of value alone. It is said by appellee that the case is an exceptional one; that plaintiff is a specialist at Milwaukee, Wis.; and that the jury could know nothing of the value of such services. We would not be justified in changing the rule because the case is exceptional, if it be such. Cases may arise where the appearance of the witness, his reasons given as a basis for his opinion, the character of the injury or disease, the length of time taken to perform the operation, and like matters would justify the jury in not finding the exact amount stated by the witness. All the facts and circumstances, together with the opinion, should be placed before the jurors, who must be permitted to exercise a judgment founded on the common knowledge of mankind. Experts may give their opinions, but they may not usurp the functions of the jury.

We quote from *Moore v. Railway,* 151 Iowa, 353, 360. "The jury does not sit simply to register the opinion of an expert witness, even though it be undisputed. It is its own exclusive function to pass upon the fact put in issue. The testimony of the expert may not be arbitrarily rejected, but, like the evidence of every other witness, it is to be considered by the jurors, who are to accord to it influence, much or little, according as it appeals to their intelligent and impartial minds

in view of the facts and circumstances developed upon the trial and the common knowledge and experience of mankind.'' See, also, Lawson, Expert & Opinion Evidence, 491, 492; Jones on Evidence (Pocket Ed.) sections 390, 391, 392; *Head v. Hargrave*, 105 U. S. 45 (26 L. Ed. 1028); *Chicago, etc., Railway v. Whitney*, 143 Iowa, 506; *Salinger v. Western Union*, 147 Iowa, 484; *Converse v. Morse*, 149 Iowa, 454; *Arndt v. Hosford*, 82 Iowa, 502; *Hoyt v. Railway*, 117 Iowa, 296; *People v. Vanderhoof*, 71 Mich. 158 (39 N. W. 28); 17 Cyc. 262, 263, 36, 45, 109. Such opinions of experts are intended as an aid to the jury. The jury may not arbitrarily, without cause, disregard them. The matter is to some extent under the control of the court after verdict. If the finding is too large, it may be reduced; if so small that justice has not been done, the court may, in its discretion, grant a new trial. *Foley v. Brocksmit*, 119 Iowa, 457.

We do not say the plaintiff's charges were unreasonable, nor do we express any opinion either way. The evidence before us is short; none of the evidence for defendant, nor the cross-examination of plaintiff's witnesses, is contained in the record. We simply hold that as to this question of value it is for the jury, even though the evidence is undisputed.—*Reversed.*