EDWIN B. WILSON, Appellee, v. B. E. MANVILLE, Guardian, Appellant.

NEW TRIAL: Discretion of Court—Noncomprehended Case. The propriety of an order for a new trial cannot be questioned when it is made to appear that the jury probably did not comprehend the case when tried, and that probably a different result will be reached on retrial.

*Appeal from Johnson District Court.*—R. G. POPHAM, Judge.

JUNE 23, 1922.

ACTION to recover attorney's fees in the sum of $883.40.

Verdict of the jury finding for plaintiff in the sum of $85.70. This verdict on motion was set aside and new trial granted. Defendant appeals.—*Affirmed.*

W. J. *Baldwin,* for appellant.

R. P. *Howell* and *Wilson & Evans,* for appellee.

DE GRAFF, J.—This appeal is from the order of the trial court setting aside the verdict of the jury and granting a new trial. No other question of law or fact is presented. Plaintiff introduced his evidence proving and tending to prove the professional services rendered by him and the reasonable value thereof. The defendant offered no evidence tending to disprove that the specific services were rendered as claimed by plaintiff or that the amounts sought to be recovered were the reasonable value thereof. Notwithstanding this fact, it was still a question for the jury. *Fowle v. Parsons* 160 Iowa 454.

It is the contention of the defendant and so alleged in his answer and reiterated in his brief and argument that the plaintiff never was employed on behalf of the party for whom the alleged services were rendered, and in fact he never rendered any services for said party. The verdict of the jury was for the plaintiff which determined that he was entitled to recover. The only question involved at this stage of the proceedings is the amount of such recovery.

It is said in *Foley v. Brocksmit,* 119 Iowa 457; "Suffice it to say that neither court nor jury is bound by a witness' estimate as to values, and, while the issue presented in this case is ordinarily for the jury, the case may be so plain that it is the duty of the court to interfere."

In *Fowle v. Parsons,* 160 Iowa 454 it is said: "The matter is to some extent under the control of the court after verdict. If the finding is too large, it may be reduced; if so small that justice has not been done, the court may, in its discretion, grant a new trial."

The primary grounds in plaintiff's motion for new trial are (1) that the verdict was contrary to the evidence (2) that the

verdict is contrary to the law (3) that the verdict is grossly inadequate (4) that the verdict clearly shows that it is the result of passion and prejudice on the part of the jury. We deem it unnecessary to incumber this opinion with the facts disclosed. The question involved is whether the record shows any reasonable ground on which the ruling granting a new trial can be sustained. *White v. Chicago & N. W. R. Co.*, 145 Iowa 389.

The question before us involves simply the application of a rule. This court has repeatedly held that a large discretion is vested in the trial court in granting or refusing motions for new trials. True that discretion is judicial in character and may not be arbitrarily exercised. Will a retrial reach a different result in the instant case? Should a different result be expected? We answer in the affirmative. It must be conceded that upon a retrial a jury question will again be presented. But this matter is not the controlling consideration. If it may be said in any case upon a careful study of the entire record that the amount awarded by the jury is so excessive or so small and inadequate that a just, reasonable, and intelligent mind is forced to the conclusion that the jury failed to comprehend the case on the facts and the instructions submitted, or was influenced by passion and prejudice, then it may be said that a court is justified in granting a new trial. This would constitute an exercise of judicial discretion.

We are constrained to believe that the trial court did not abuse the judicial discretion vested in him in sustaining plaintiff's motion and ordering a new trial. The order entered is— *Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.