JOHN LANGE, Appellee, v. RASMUS NISSEN, Appellant.

**NEW TRIAL:** Grounds—Serious Conflict in Testimony. An order which grants a new trial on a numerous-pointed motion therefor will not be interfered with on appeal when one of the grounds is that the verdict is contrary to the evidence, and the record shows that the testimony is in serious conflict.

Headnote 1:   4 C. J. p. 833.

Headnote 1:   20 R. C. L. 273.

*Appeal from Shelby District Court.*—EARL PETERS, Judge.

DECEMBER 13, 1927.

Suit on a promissory note, resulting in a verdict in favor of the defendant. A motion for a new trial was sustained, and the defendant appeals.—*Affirmed.*

*Ernest M. Miller,* for appellant.

*Bennett Cullison* and *Thomas H. Smith,* for appellee.

ALBERT, J.—The record in this case is very hazy and indefinite as to some matters connected herewith, but the following facts gathered from the record summarize the situation out of which this litigation grew.

In the year 1918, one John A. Peterson executed a contract of exchange with one M. P. Conway, by which Peterson was to have conveyed to him about 280 acres of land in Adams

County, Iowa, subject to three mortgages, aggregating $23,600; and in return, Peterson conveyed certain property in Elkhorn, Iowa, and paid Conway $5,000, and executed another mortgage on said property for $12,000. Peterson borrowed this $5,000 from the Farmers State Bank of Elkhorn, on March 1, 1919, and John Lange and his brother Chris signed the note as sureties to the Farmers Savings Bank. This note was to be due in one year, with 7 per cent interest. When the note became due, Peterson was unable to pay it, and the same was renewed for another year, with the consent of the sureties. Although a new note was given, and Chris Lange was the only surety, there seems to have been an agreement between Chris and his brother John that they should be equally liable on this note, even though John did not sign the same. When this renewal note became due, Peterson was not able to pay it, and the Lange brothers were not inclined to have the note further extended. The defendant, Rasmus Nissen, was in some way interested in this land transaction, his interest or in what way it arose not being clearly shown in the record; but he was interested to the extent that he wished the interest on the various mortgages, the taxes, etc., to be paid; and on the 21st of February, 1921, to induce the Lange brothers to continue as sureties on the $5,000 note, a written contract was entered into between the Lange brothers and Nissen, the substance of which is that, if the Lange brothers would sign a new note for $5,000, and would pay the taxes and the interest on the mortgages, the rental should be applied thereon, and Nissen would hold them free from loss for so doing. This written contract was by its terms to cover a period of two years. The Lange brothers paid the interest and taxes, as per their agreement; and in December, 1923, there was a settlement made between them and Nissen, in which it was agreed that Nissen was indebted to them in the sum of $4,600, and in pursuance thereof, two promissory notes of $2,300 each were executed, one to John Lange and one to Chris Lange. The Chris Lange note was assigned to John Lange, and he brings this action to recover on said notes.

The defense made is, after admitting the execution and delivery of the notes, that the Lange brothers agreed to procure a deed for said land to Nissen, and that they failed so

to do; and he asks for dismissal of plaintiff's petition. The case was tried to a jury, and a verdict was returned in favor of the defendant, Nissen.

·A motion for a new trial was made, containing twelve different grounds, which motion was sustained by the court; hence this appeal. Four of these grounds attack the correctness of certain instructions. That this court is reluctant to interfere with an order granting a new trial, in view of the large discretion lodged in the trial court, we have announced in *Loomis v. Des Moines News Co.,* 110 Iowa 515. That it requires a clear case, to justify this court in setting aside a ruling by the district court granting a new trial, we announced in *Mackintosh v. Locke,* 112 Iowa 252. We have also said, in substance, that, when a motion for a new trial is sustained on one or more grounds thereof, the action of the trial court will not be reversed unless it appears that the motion should not have been sustained on any ground stated therein. *Wightman v. Butler County,* 83 Iowa 691; *Van Wagenen v. Parsons,* 106 Iowa 263; *Maynard v. City of Des Moines,* 159 Iowa 126. We have also said that, where the evidence is conflicting, the court's ruling on a motion for a new trial will not be interfered with where one of the grounds is the want of evidence to support the verdict, or that the verdict is contrary to the evidence. *Mitchell v. Des Moines City R. Co.,* 161 Iowa 100.

Turning to the record, we find that the evidence is in serious conflict as to certain of the material facts. The motion for a new trial, among other grounds, states that the verdict is contrary to the evidence, and that there is no evidence warranting the submission of the case to the jury. Under the rules above announced, under these circumstances we will not interfere with the ruling of the district court on this motion for a new trial.—*Affirmed.*

EVANS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.