MRS. L. H. JELSMA et al., Appellees, v. EHLERS ENGLISH, Appellant.

No. 40128.

JUNE 23, 1930.

REHEARING DENIED SEPTEMBER 26, 1930.

*Bradshaw, Schenk & Fowler* and *D. J. Fairgrave,* for appellant.

*Parrish, Cohen, Guthrie, Watters & Halloran* and *D. C. Nolan,* for appellees.

KINDIG, J.—The plaintiffs-appellees in their petition alleged that they were the owners of a Cadillac automobile when, on November 17, 1928, the defendant-appellant, at the intersection of Fifty-first Street and Ingersoll Avenue, in Des Moines, carelessly ran his automobile into and against the appellees' car, which was lawfully traveling over said highways. By way of answer, appellant denied that allegation, and further pleaded that appellees were guilty of contributory negligence.

Ingersoll Avenue extends east and west, and is intersected by Fifty-first Street, which runs in a northerly and southerly direction. Appellees were operating their car westward on Ingersoll Avenue, crossing Fifty-first Street, while the appellant was driving his vehicle northward on Fifty-first Street, traversing Ingersoll Avenue. An impact of the cars occurred some place on the intersection of these two streets. Each driver blames the other for the accident.

There is a sharp conflict in the evidence concerning which operator first entered the intersection. Appellant was at appellees' left, and therefore the latter had the right of way, under the statute, if both vehicles were approaching the intersection simultaneously. Section 5035 of the 1927 Code. It is claimed by appellant that he had already entered the intersection when appellees were approaching. Hence appellant asserts that, even though he may have been negligent in some respects, yet appellees were guilty of contributory negligence in speeding into the intersection under the circumstances. This was denied by the appellees.

A verdict in favor of the appellant was returned by the jury on March 6, 1929. Thereafter, within due time, appellees filed exceptions to the instructions and a motion for a new trial. On March 21st thereafter, the municipal court sustained appel-

lees' motion and granted a new trial. As before stated, it is from this ruling that defendant appeals. His theory is that the municipal court sustained the motion for a new trial on the ground that a certain member of the jury was guilty of misconduct. Continuing his thought at this place, the appellant argues that the motion, so far as this particular ground is concerned, was incomplete, indefinite, and unverified; that no evidence was adduced; and that, therefore, there was no basis for the court's decision.

Replying to appellant's contention in that regard, the appellees assert: First, that appellant made no attack upon the motion for a new trial, by motion or otherwise, and therefore is  not in a position to raise this particular objection at this late date; and second, that, even though the motion for a new trial was not verified and no evidence was introduced, yet the court had a right to act in the premises upon its own motion; and that, as shown by the record, the presiding judge had personal knowledge of the jury's misconduct, and conferred with the jurors in relation thereto. Consequently, appellees conclude that the new trial was properly granted. But whether the motion was fatally defective in the particular respect claimed by appellant we do not now decide, for the reason that there were several grounds named therein, and the entire motion was sustained generally. So, as appellees argue, if any one of the reasons assigned for the new trial is good, then the municipal court did not err in granting the relief. Concerning this, we said in *Christensen v. Howson* (Iowa), 226 N. W. 34 (not officially reported):

"It is a familiar rule that, when a motion for a new trial presents several grounds, and is sustained generally, the ruling cannot be disturbed, unless it is shown that the motion could not have been properly sustained on any of the grounds urged."

Among the various propositions set forth in the motion for a new trial, in addition to the misconduct of the jury aforesaid, is an objection to the trial court's instruction concerning ap-

 pellees' contributory negligence, wherein that tribunal denied appellees the benefit of the rule that they had a right to assume that appellant would not unlawfully use the public way. That appellees could thus assume, is well established. *Lein v. John Morrell & Co.*, 207 Iowa 1271 (local citation 1275) ; *Wolfson v. Jewett Lbr. Co.*, 210 Iowa 244; *Wambeam v. Hayes*, 205 Iowa 1394 (local citation 1399). See, also, *Pilgrim v. Brown*, 168 Iowa 177 (local citations 185 and 186). While the trial court in one instruction told the jury that appellees had a right to assume that appellant would not unlawfully use the public highway, yet in a later instruction on contributory negligence there appears a contradiction of the first. In other words, the effect of the last named instruction was that the jury, in considering appellees' contributory negligence, could pay no attention to the assumption aforesaid, unless it first appeared that appellees had their car under reasonable control and were maintaining a careful outlook. If appellees' evidence was to be believed, their car approached the intersection before appellant's vehicle arrived. Therefore, appellees had the right of way, because the appellant was approaching at their left. When determining appellees' contributory negligence, then, if they had the right of way, the assumption aforesaid should have been taken into consideration by the jury in deciding whether appellees had reasonable control of their automobile and were maintaining a careful outlook. The extent of control and outlook would necessarily vary according to the circumstances. That is to say, the degree of control and outlook would correspond with the absence or presence of appellees' right to assume that the other driver would yield the right of way and not unlawfully use the public streets. Contributory negligence, under the facts supposed, would not appear if appellees, in view of the assumption, properly controlled their automobile and kept a sufficient outlook. Nevertheless, under the instructions, the court told the jury, in effect, to consider appellees' contributory negligence, regardless of the assumption. At least there is sufficient doubt and uncertainty, because of the conflicting instructions, to justify the judge, who heard the entire cause, in granting a new trial.

We are more reluctant to interfere with the granting of a new trial than with the refusal to allow the relief. A trial court

is vested with a large discretion when passing upon a motion for a new trial. Unless that discretion is abused, this court will not interfere. Such abuse must affirmatively appear. *Christensen v. Howson* (Iowa), 226 N. W. 34 (not officially reported), supra; *Utseth v. Pratt-Mallory Co.*, 208 Iowa 1324; *Turner v. O'Dea Motor Co.*, 204 Iowa 421; *Young v. Electric Serv. Co.*, 192 Iowa 655 (local citation 659); *Larson v. Ainsworth*, 184 Iowa 1187 (local citation 1191); *Post v. City of Dubuque*, 158 Iowa 224; *Porter v. Madrid State Bank*, 155 Iowa 617; *Case Thresh. Mach. Co. v. Fisher*, 144 Iowa 45 (local citation 52).

An appropriate excerpt is here quoted from *Young v. Electric Serv. Co.* (192 Iowa 655), supra, on page 659:

"As said [in the previous portion of that opinion], the question is not so much whether the instruction is absolutely correct as it is whether the trial court abused its discretion in granting a new trial. * * * We are inclined to think that the instruction under consideration is not entirely in harmony with the cases, and we are not prepared to say that the trial court abused its discretion in granting a new trial on that ground."

Wherefore, because of the doubt and uncertainty concerning the instruction given in the case at bar, and in view of the broad discretion vested in the trial court, we are constrained to hold that this court cannot interfere with the judgment appealed from.

The judgment of the municipal court is—*Affirmed.*

MORLING, C. J., and EVANS, DE GRAFF, WAGNER, and GRIMM, JJ., concur.