Elizabeth W. Leake, Administrator, Appellee, v. Herman Azinger, Jr., Appellant.

No. 41317.

June 24, 1932.

O'Harra & Walker and Wm. R. Sheridan, for appellee.

D. J. McNamara and Putnam, Putnam & Forrest, for appellant.

KINDIG, J.—On May 25, 1930, Herman Azinger, Jr., the defendant-appellant, while driving a Chevrolet coach on the streets of Keokuk, collided with a Chrysler automobile driven at the time and place by Leroy Leake. As a result of that collision Leroy Leake was killed.

Thereafter Elizabeth W. Leake, his mother, became the duly appointed, qualified, and acting administratrix of the Leroy Leake estate. Then the administratrix, on December 26, 1930, commenced this action to recover from the appellant three items of damages. They are itemized as follows: First, injury to the Chrysler automobile, $250; second, funeral expenses for the burial of the decedent, Leroy Leake, $600; and, third, damages for the loss to Leroy Leake's estate, $15,000.

By way of answer, the appellant interposed defenses, and upon the issues thus raised, the case was tried, and on May 29, 1931, the jury returned the following verdict: "We, the jury, find for the plaintiff (appellee) and assess the amount of her damages at $151.00, and including $849.00, making a total of ($1,000) One Thousand Dollars." In due time the appellee filed a motion for a new trial based upon six grounds. So far as material here, however, consideration will be given to but one ground thereof. That ground is that the verdict of $151 for the

life of appellee's intestate, Leroy Leake, is grossly inadequate and contrary to the evidence.

Section 11550 of the 1927 and 1931 Codes provides:

"The former report, verdict, or decision, or some part or portion thereof, shall be vacated and a new trial granted, on the application of the party aggrieved, for the following causes affecting materially the substantial rights of such party: * * *

"6. That the verdict, report, or decision is not sustained by sufficient evidence, or is contrary to law."

This court has construed the above-named statutory provision to entitle a plaintiff to a new trial if the verdict fixing the damages is manifestly inadequate under the evidence. Concerning this, we said in Tathwell v. City of Cedar Rapids, 122 Iowa 50, reading on page 56:

"'* * * we think the authority is expressly given in Code section 3755 (of 1897, now section 11550 of the 1927 Code), to set aside a verdict which is manifestly inadequate under the evidence. It is true that paragraph four of that section, with reference to the influence of passion or prejudice, mentions excessive damages, and that paragraph five, with relation to error in the assessment of the amount of recovery, whether too large or too small, refers only to actions upon contract, or for the injury or detention of property. But paragraph six authorizes a new trial if the verdict is not sustained by sufficient evidence, and we see no reason for limiting this paragraph to cases where, under the evidence, it appears that the verdict should have been the other way."

Following the Tathwell and other early cases, this court has consistently held on many occasions that inadequacy of damages may be the basis for a new trial. Stone v. Turner, 178 Iowa 561; Clark v. Iowa Central Railway Co., 162 Iowa 630 Migliaccio v. Smith Fuel Co., 151 Iowa 705; Ward v. Marshalltown Light, Power & Railway Co., 132 Iowa 578. See also Herrman v. O'Connor, 209 Iowa 1277; Strayer v. O'Keefe, 202 Iowa 643.

The district court has a broad discretion in granting a new trial. Lange v. Nissen, 204 Iowa 1080; Jelsma v. English, 210 Iowa 1065; Thul v. Weiland, 213 Iowa 713. We are more re-

luctant to interfere with the granting of a new trial than with the refusal to allow the relief. A trial court is vested with a large discretion when passing upon a motion for a new trial. Unless that discretion is abused, this court will not interfere. Such abuse must affirmatively appear. Jelsma v. English (210 Iowa 1065), supra. It was said by this court in Blakely v. Cebelka, 199 Iowa, 946, reading on page 948:

"In an early case, Dewey v. Chicago & N. W. R. Co., 31 Iowa 373, concerning a new trial we said: 'They (trial Judges) ought to grant new trials whenever their superior and more comprehensive judgment teaches them that the verdict of the jury fails to administer substantial justice.' "

In view of the principles thus established, did the district court in the case at bar abuse its discretion when granting the appellee a new trial? Manifestly not.

Leroy Leake, the decedent, was 31 years of age. He was unmarried and lived with his mother on her farm. This young man had a dairy and was wholesaling milk. With his other work Leroy Leake cultivated 110 acres of grain and he owned and was caring for both hogs and cattle. Moreover, he owned a threshing machine with which he earned from $600 to $800 per year. Mr. Leake was a strong, healthy man, and had not lost any time from work because of sickness or disease. His expectancy was 34.63 years. Apparently the young man's habits were good.

Confronted with the evidence of those facts, the jury, nevertheless, decided that Leroy Leake's death damaged his estate only $151. That they did this is obvious from the peculiar verdict they returned. The $849 in the verdict is evidently made up of two items. They are the funeral expenses, amounting to $600, and the damages to the Chrysler car, totaling approximately $250. There is left, then, only $151 for the loss to Leroy Leake's estate. Undoubtedly the district court was fairly within its discretion when it granted appellee a new trial under the circumstances. See cases above cited.

A jury in Migliaccio v. Smith Fuel Co. (151 Iowa 705) supra, allowed the administrator of Frank Migliaccio's estate $49.50 for his death. As said on page 708 of the opinion, "he (Migliaccio) had accumulated no property." Nevertheless, this

court upheld the action of the district court in granting a new trial. Migliaccio was 36 years of age. Moreover he was a steady worker, but earned only $1.80 a day. Concerning that verdict, we said in the above named case, reading on page 708:

"It is hardly conceivable that a jury, having a proper conception of its duty and uninfluenced by considerations other than a desire of rightly discharging it, could have reached such a conclusion. There was no abuse of discretion by the trial court in granting a new trial on this ground alone."

Likewise this court sustained the action of the district court in granting a new trial in Clark v. Iowa Cent. Railway Co. (162 Iowa 630), supra, on the ground of inadequacy, where the verdict for a wrongful death was $400. There it is said, reading on page 636:

"The motion for a new trial was sustained because the damages awarded by the jury were inadequate. Formerly this was not a ground for a new trial, but it is now, and, when granted, the court's discretion will not be interfered with in the absence of its abuse. Ward v. Marshalltown Light Co., 132 Iowa 578. While the evidence is meager at some points as to damages, we think the trial court was justified in holding that $400 was inadequate. Deceased was a school teacher, forty-four years of age. Life tables show that the expectancy of a person of that age is nearly twenty-six years. She was earning $60 a month for ten months in the year, and, in addition, earned on an average of $25 to $50 per year by her literary work. There is no evidence to show what it cost her to live, or that she had saved anything, or her condition of health. The damages in such cases are, of necessity, more or less uncertain, and it is for the jury to use their judgment and discretion, which is of course subject to correction."

If, then, it is proper for the district court in the cases of Migliaccio v. Smith Fuel Co. (151 Iowa 705), supra, and Clark v. Iowa Cent. Railway Co. (162 Iowa 630), supra, to grant new trials under the respective records there presented, manifestly in the case at bar the trial court clearly acted within its proper discretion in granting appellee a new trial.

Whether the appellee is entitled to recover for the funeral

or burial expenses of Leroy Leake, an adult, we do not now decide or suggest. That question is not presented. But, in reference to such allowance on a minor's death, see Carnego v. Crescent Coal Co., 164 Iowa 552.

Wherefore, the judgment of the district court must be, and hereby is, affirmed.—Affirmed.

WAGNER, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.