ALVA A. HEISDORFFER, appellant, v. CHARLES C. HAMMES et ux., appellees.

No. 47642.

(Reported in 42 N.W.2d 379)

MAY 2, 1950.

REHEARING DENIED SEPTEMBER 25, 1950.

C. J. Lambert, of Sigourney, for appellant.

James L. Devitt, of Oskaloosa, and C. G. Updegraff, of Sigourney, for appellees.

HAYS, J.—Plaintiff, in a trial to a jury, recovered a verdict in the amount of $3500 on account of injuries sustained when the car which he was driving was struck from the rear by a car being driven by defendant Charles C. Hammes. The trial court thereafter sustained defendant's motion for a new trial and plaintiff appeals.

While the evidence is in conflict on some matters, the record shows that on the night of August 21, 1948, appellant, driving a car owned by one Raymond Hunt, left Keota, Iowa, and was proceeding south on Highway No. 77, a "blacktop" road. The night was generally clear but with an occasional bank of fog covering the highway and materially reducing the visibility. When about a mile south of Keota, appellant's car was struck on the left rear corner by appellee's car, which was also proceeding south. At the place of the collision the highway was level and straight, the surfaced portion about twenty-two feet in width with no center line marking, and no cars were approaching from the opposite direction. There is a conflict in the evidence as to the speed of appellee's car, as to the exact position of the two cars on the highway with reference to the center thereof, and as to the extent of appellant's injuries.

Appellant, in his petition, asserts seven alleged acts of negligence upon the part of appellee, among them being the violation of the assured-clear-distance-ahead rule, operating his car at a dangerous rate of speed, and failing to pass appellant's

.car on the left. The trial court submitted these three propositions to the jury, under instructions Nos. 12, 11 and 10, respectively, which instructions were excepted to. Also, at appellee's request the court submitted four special interrogatories to the jury, which, in substance, were as follows: (1) Was appellant guilty of contributory negligence? (2) Was appellant's car to the left of the center of the highway? (3) Had appellant been drinking? (4) Was appellant's car equipped with inadequate lights to warn of his position on the highway? To each of these interrogatories the jury answered "no."

In the motion for a new trial appellee asserts error in the giving of instructions Nos. 10, 11 and 12; that appellant is guilty of contributory negligence as a matter of law; the absence of evidence of negligence upon the part of the appellee, and that the verdict is excessive. The new trial was granted on three grounds: (1) Excessive verdict (2) error in submitting the alleged ground of negligence set forth in instruction No. 10, and (3) upon the entire record, the motion should be sustained.

 The rule is well-established that the granting of a new trial rests largely in the sound judicial discretion of the trial court and the same will not be interfered with in the absence of an abuse thereof. Rudolph v. Davis, 238 Iowa 474, 26 N.W.2d 231; Sparks v. Long, 234 Iowa 21, 11 N.W.2d 716.

 I. Was the verdict excessive? We think not. Appellant asked for $15,000 in his petition. While the evidence is in conflict as to the extent of injuries sustained, there is ample evidence, if the jury believed appellant's witnesses, to warrant a finding of a broken nose, numerous cuts and bruises and a permanent back injury. The award was for $3500. It was a question for the jury to pass upon and does not appear to be excessive. DeToskey v. Ruan Transport Corp., 241 Iowa 45, 40 N.W.2d 4; Dunham v. Des Moines Ry. Co., 240 Iowa 421, 35 N.W.2d 578.

 II. Does the record warrant the submission to the jury the alleged failure to safely pass appellant's car on the left? We hold that it does. Appellant was in his proper lane on the highway. His car was struck on the left rear corner by appellee's car which was approaching it from the rear. At the time of the collision, appellee's car was headed in a direction that would

indicate an intent to pass. He had passed another car going the same direction just a few minutes prior thereto and was driving at about sixty miles per hour. Appellee states that due to faulty lights on appellant's car when he first saw it he was too close to stop and pulled to the left, but he does not say that he was not attempting to pass it. By the answer to special interrogatory No. 4 the jury found that appellant's lights were not defective. Under this record the jury might find a violation of section 321.303, Code of 1946, which is the specification of negligence charged.

III. Under the entire record, was appellee entitled to a new trial? While we have held that an order granting a new trial will not be disturbed when any one of the grounds asserted is sound, or when, conceding the insufficiency of any one ground, all the grounds when received collectively fairly justify the conclusion that the party granted a new trial has not had a fair trial (Jordan v. Schantz, 220 Iowa 1251, 264 N.W. 259; Ferguson-Diehl Constr. Co. v. Langloss, 239 Iowa 346, 30 N.W.2d 320), there is nothing in this record to indicate a want of a fair trial. The record shows evidence sufficient to establish negligence upon the part of appellee. Contributory negligence is ordinarily a question for the jury, and clearly was in this case. The verdict is not excessive and the court did not err in its submission of grounds of negligence to the jury. The entire record does not warrant the granting of a new trial and the doing so constitutes an abuse of judicial discretion.

For the reasons above set forth the order granting a new trial is reversed and the cause remanded with directions to enter a judgment on the verdict.—Reversed and remanded.

All JUSTICES concur.