GLENN HENRICH, appellee, v. IVAN OPPEDAL, appellant.

No. 49113.

(Reported in 81 N.W.2d 429)

MARCH 5, 1957.

Kelly, Spies & Culver, of Emmetsburg, for appellant.

Joseph P. Hand, of Emmetsburg, for appellee.

PETERSON, J.—Plaintiff owns a rendering business at Spencer. In connection with his business he operates four trucks. On January 7, 1955, at about 12:30 p.m., one of his employees, Don Aldrich, was driving one of the trucks easterly on highway 18. When he was approximately one-half mile east of the town of Ruthven he noticed an automobile approaching him about 100 feet away. It suddenly left the north lane of travel and drove south into his lane of travel. This car was driven by defendant. The truck driver put on his brakes, but defendant kept coming, so he drove off on the shoulder. The shoulder was not wide enough to hold the truck and he was forced into the ditch. He first struck a mailbox and then came to rest against a bank and a tree. The truck was wrecked. There were no personal injuries. Plaintiff sued defendant for the value of the truck, a hoist which was connected with the truck, and ten ruined barrels in the truck. The only testimony concerning the value of the truck and its contents was the testimony of plaintiff. He said he had been buying, selling and trading trucks for 10 years and was acquainted with their fair and reasonable value. He testified the 1953 two-ton Dodge truck which was wrecked was worth $2000 immediately before the accident. The hoist cost him $410 when new, was in good shape, and worth $300. It was stipulated that the ten barrels were worth $3 per barrel, and that the fair and reasonable value of the salvage from the truck and hoist subsequent to the collision was $325. The jury returned a verdict for plaintiff, which means they held defendant was negligent. The verdict was for $500. Plaintiff filed motion for new trial on three grounds: (1) the value as returned by the jury is not sustained by the evidence; (2) inadequate damages were awarded in view of the undisputed evidence, and it appeared therefore that the jury was influenced

by passion and prejudice; (3) the jury erred in fixing the recovery excessively low when under the evidence there was no room for speculation by the jury as to the amounts involved. The trial court sustained the motion on all three grounds. Defendant has appealed.

The only question involved in the case is whether or not the trial court abused its discretion in granting a new trial.

I. This case pertains to interpretation of R. C. P. 244. The pertinent paragraphs of the rule are:

"The aggrieved party may, on motion, have an adverse verdict, decision or report or some portion thereof vacated and a new trial granted, for any of the following causes, but only if they materially affected his substantial rights: * * *

"(d) Excessive or inadequate damages appearing to have been influenced by passion or prejudice;

"(e) Error in fixing the amount of the recovery, whether too large or too small, in an action upon contract or for injury to or detention of property."

 It is the duty and function of jurors to use their knowledge of affairs, and their judgment in connection with testimony offered. They may take all testimony into consideration, and using their good judgment may draw proper conclusions. However, they cannot disregard the testimony and arbitrarily fix amounts for which there is no basis in the evidence. When the verdict is radically inconsistent with undisputed evidence the trial court is justified in granting a new trial. Tathwell v. Cedar Rapids, 122 Iowa 50, 97 N.W. 96; Jensen v. Duvall, 192 Iowa 960, 185 N.W. 584; Wilson v. Manville, 194 Iowa 26, 188 N.W. 932; Leake v. Azinger, 214 Iowa 927, 243 N.W. 196; In re Estate of Murray, 238 Iowa 112, 26 N.W.2d 58; Whiting v. Cochran, 241 Iowa 590, 41 N.W.2d 666; Burke v. Reiter, 241 Iowa 807, 42 N.W.2d 907; Elings v. Ted McGrevey, Inc., 243 Iowa 815, 53 N.W.2d 882; Hall v. West Des Moines, 245 Iowa 458, 62 N.W.2d 734.

 The only testimony in the case as to value of the personal property destroyed was: truck $2000; hoist $300; 10 barrels $30; total $2330. Stipulated value of salvage $325. This leaves $2005. The court instructed the jury that the verdict should not be in excess of this amount. Mathematics is an exact science.

There is no mathematical formula by which the jury could add and subtract these figures and arrive at an answer of $500.

In Elings v. Ted McGrevey, Inc., supra, at page 822 of 243 Iowa, page 886 of 53 N.W.2d, we said: "The fact that a verdict may shock the conscience is not the sole test for reducing or setting aside a verdict or granting a new trial. A trial court may independently exercise these powers when it is convinced that a verdict does not effect justice or that a jury has not done its duty."

It is doubtful if the second ground in the motion for new trial, of passion and prejudice, is effective in this case. The amounts involved are so modest that we can hardly conclude the jury was inflamed with passion and prejudice. We were confronted with this question in Hall v. West Des Moines, supra. In this case we were inclined to disagree with the trial court as to ground No. 1 of the motion, which pertained to passion and prejudice, but held the action of the trial court in sustaining the motion for new trial was correct on another ground. We said at page 462 of 245 Iowa, page 736 of 62 N.W.2d: "It is evident here the court was exercising its inherent right to grant a new trial because it thought the jury had not truly responded to the issues involved as submitted to it." In Whiting v. Cochran, supra, we said at page 592 of 241 Iowa, page 667 of 41 N.W.2d: "A new trial should be granted when the trial court is of the opinion that the verdict fails to administer substantial justice or whenever it appears that the jury has failed to respond truly to the real merits of the controversy."

II. We can properly consider this case on grounds Nos. 1 and 3 in the motion for new trial. A new trial is proper if the verdict is contrary to the evidence, and where a verdict is completely inadequate in view of undisputed evidence. This applies to both contractual and tort situations. Trial courts and this court have frequently ordered a new trial unless the successful party consents to a reduction of an excessive verdict. We have also held many times that inadequacy of verdicts, because of failure of the jury to comply with the evidence or court's instructions, is a proper basis for granting a new trial. Tathwell v. Cedar Rapids, supra; Ward v. Marshalltown L. P. & R. Co.,

132 Iowa 578, 108 N.W. 323; Stone v. Turner, 178 Iowa 561,
159 N.W. 989; Wilson v. Manville, supra; Strayer v. O'Keefe,
202 Iowa 643, 210 N.W. 761; Hanna v. Central States Electric
Co., 210 Iowa 864, 232 N.W. 421; Leake v. Azinger, supra;
DeMoss v. Brown Cab Co., Inc., 218 Iowa 77, 254 N.W. 17;
66 C. J. S., New Trial, section 77(b); In re Estate of Murray,
supra; In re Estate of Hollis, 235 Iowa 753, 16 N.W.2d 599;
39 Am. Jur., New Trial, section 126; Whiting v. Cochran, supra.

In Wilson v. Manville, supra, we said at page 28 of 194
Iowa, page 933 of 188 N.W.: "If it may be said in any case
upon a careful study of the entire record that the amount
awarded by the jury is so excessive *or so small and inadequate*
that a just, reasonable, and intelligent mind is forced to the
conclusion that the jury failed to comprehend the case on the
facts and the instructions submitted, or was influenced by pas-
sion and prejudice, then it may be said that a court is justified
in granting a new trial." (Emphasis ours.) In Leake v. Azinger,
supra, the jury allowed the meager amount of $151 for decedent's
death. He was a young man 31 years of age. This court (214
Iowa, page 930, 243 N.W., page 197) said: "Undoubtedly the
district court was fairly within its discretion when it granted
appellee a new trial under the circumstances." In Hanna v.
Central States Electric Co., supra, a verdict was rendered for
$10,000. The trial court ordered a remittitur of $1500, or a new
trial. Remittitur was filed. Both parties appealed. This court
held the verdict was still excessive. The following significant
language was used (210 Iowa, page 876, 232 N.W., page 427):
"It may be conceded that the quantum of damages is a jury
question, but the verdict returned must be within reasonable
limits, under the facts disclosed by the evidence. We believe
that the jury failed to comprehend the case as submitted." In
DeMoss v. Brown Cab Co., Inc., supra, plaintiff sued for per-
sonal injuries. His hospital bill was $216.50. He also had doctor
bill and loss of time. The jury allowed $216.51, or only one cent
beyond his hospital bill. We held he was entitled to a new trial
on account of inadequacy of verdict (218 Iowa, page 78, 254
N.W., page 18): "The conclusion cannot be escaped that the
amount of the verdict was not arrived at by determining the
various elements of recovery to which plaintiff was entitled

under the law and the instructions of the court." In Tathwell v. Cedar Rapids, supra, we held at page 54 of 122 Iowa, page 97 of 97 N.W.: "* * * the power to set aside the verdict, when manifestly inconsistent with the evidence, and the result of a misconception by the jury of their powers and duties, is as fully recognized where the verdict is inadequate as where it is excessive * * *." A general statement of the law as pertaining to all jurisdictions appears in 66 C. J. S., New Trial, section 77(c), "* * * a new trial will be granted in, presumably, any jurisdiction where the damages awarded in an action for personal injury are less than the pecuniary loss definitely shown, especially where the verdict is contrary to undisputed evidence * * *." In the rather recent case of In re Estate of Murray, supra, this court (page 115 of 238 Iowa, page 60 of 26 N.W.2d) said: "While we have frequently said a verdict should be set aside which is so large or so small as to shock the conscience, it appears from many of our decisions this is not the sole test. A trial court should grant a new trial where it appears the verdict does not effectuate substantial justice or the jury, from any cause, has failed to respond truly to the real merits of the controversy."

 III. The trial court has wide discretion in ruling on motion for new trial. We interfere with reluctancy, and only where it appears the discretion has been abused. Sparks v. Long, 234 Iowa 21, 11 N.W.2d 716; Rudolph v. Davis, 238 Iowa 474, 26 N.W.2d 231; Heisdorffer v. Hammes, 241 Iowa 984, 42 N.W.2d 379; Burke v. Reiter, supra; Torrence v. Sharp, 246 Iowa 460, 68 N.W.2d 85; Nicholson v. City of Des Moines, 246 Iowa 318, 67 N.W.2d 533; Hall v. West Des Moines, supra; Hoovler v. Wolfe, 245 Iowa 1302, 66 N.W.2d 486; 66 C. J. S., New Trial, section 201; Krieg v. Grant, 248 Iowa 396, 80 N.W.2d 724, and numerous other cases.

This principle has been enunciated so often that extensive quotations are not necessary. We will quote from the recent case of Hall v. West Des Moines, supra, where we find an exceptionally clear analysis of the principle at page 469 of 245 Iowa, page 740 of 62 N.W.2d: "We have often said we interfere reluctantly with the grant of a new trial by the trial court. Brooks v. Brotherhood of American Yeomen, 115 Iowa 588, 88 N.W. 1089. It is also settled beyond possibility of dispute that the

discretion of the trial court to order a new trial in the interest of justice is greater than that of the appellate court, and that only a clear showing of abuse of discretion will justify our interference when a new trial has been granted on this ground." We have often stated that reluctancy to interfere is greater when a new trial has been granted. Jelsma v. English, 210 Iowa 1065, 1068, 231 N.W. 304, 306, and cases cited therein.

IV. Appellant has cited only six cases, five in his Brief and Argument and one in his Reply Brief and Argument.

The early case of Foley v. Brocksmit, 119 Iowa 457, 93 N.W. 344, 60 L. R. A. 571, 97 Am. St. Rep. 324, is a case involving claim for funeral expenses. Plaintiff sued for $526. The jury rendered verdict for $455. This court reduced the verdict as excessive to $150, and provided that if remittitur was not filed within 30 days a new trial was granted. There is no support for appellant in this case.

Fowle v. Parsons, 160 Iowa 454, 456, 141 N.W. 1049, 1050, 45 L. R. A., N. S., 181. In this case two doctors testified about the value of a doctor's services. There was no contrary evidence. The court directed a verdict for the doctor. The case was reversed, this court holding the question was for the jury, stating: "Such opinions of experts are intended as an aid to the jury. The jury may not arbitrarily, without cause, disregard them. The matter is to some extent under the control of the court after verdict. If the finding is too large, it may be reduced; if so small that justice has not been done, the court may, in its discretion, grant a new trial." This language supports appellee's position.

Main v. Ellsworth, 237 Iowa 970, 23 N.W.2d 429. In this case we held it was for the jury to fix the amount to which a doctor was entitled for his services. The doctor testified he had charged $25, but it would appear from the evidence that a part of the claim was for services rendered and a part of it was for consultations in preparation for the case. Under such circumstances the question would properly be for the jury. This case is of no assistance in solving the problem before us.

Heisdorffer v. Hammes, supra. The trial court granted a new trial. This court held the case was properly submitted to the jury and the verdict was not excessive and reversed the trial

court. The facts are so at variance with the facts in this case that it has no bearing on the case at bar.

Appellant cites Nichols v. Kirchner, 241 Iowa 99, 40 N.W.2d 13, in support of the proposition that because plaintiff failed to request instructions, and to object to instructions as given, they become the law of the case, and the instructions were broad enough to permit the jury to return a verdict in any amount it might determine. In the case at bar the trial court properly gave the jury some leeway in the instructions. There were no errors to which plaintiff would normally file exceptions. Neither plaintiff nor the court could anticipate the jury would disregard the evidence. As provided in rule 196, Rules of Civil Procedure, and held in above case, the instructions are the law of the case. However, they must be construed as a guide and not as a statement that the door was wide open for the jury to ignore the testimony, or an invitation to disregard the evidence.

In his Reply Brief and Argument appellant cites Baker v. Chicago, Burlington & Quincy Railroad Co., 8 Cir., Iowa, 220 F.2d 721, 725. This case is somewhat similar to the case at bar. Baker sued for damages to truck and trailer. It was stipulated by the parties that if certain witnesses appeared they would testify as to the value of the truck and trailer before and after the wreck. Under this stipulation the damages totaled $6455.05. The jury found liability and rendered a verdict for $500. At this point the similarity ceases. Plaintiff filed motion for judgment in the amount of the damages shown in the testimony notwithstanding the verdict, or in the alternative for a new trial. The district court overruled the motion. The case was affirmed by the Circuit Court of Appeals. Near the close of the decision the court said: "It has long been the rule in Federal courts that an order denying a motion for a new trial is not reviewable, and in the absence of a motion for a directed verdict the question of the sufficiency of the evidence will not be considered on appeal." Seven cases cited. Iowa R. C. P., rule 244, paragraph (e) controls this case, and not Federal rules.

The trial court did not abuse its discretion in granting a new trial. The case is affirmed.—Affirmed.

All JUSTICES concur.