EUGENE T. LAREW et al., appellees, v. IOWA STATE HIGHWAY COMMISSION, appellant.

No. 50901.

(Reported in 120 N.W.2d 462)

MARCH 12, 1963.

Evan Hultman, Attorney General, C. J. Lyman, Special Assistant Attorney General, Henry M. Keyes, State Counsel for Iowa State Highway Commission, of Ames, and William L. Meardon, of Iowa City, for appellant.

D. C. Nolan and Edward W. Lucas, both of Iowa City, for appellees.

MOORE, J.—Defendant, Iowa State Highway Commission,

for the improvement of a public highway adjacent to plaintiffs' land instituted proceedings to condemn and take part of it. Plaintiffs were dissatisfied with the sheriff's jury award and appealed to the district court. Upon trial a $3000 verdict was returned for plaintiffs. They filed a motion for new trial on several grounds. The trial court sustained the motion and defendant has appealed.

Plaintiffs' property is located near the airport in Iowa City on South Riverside Drive. It is on the west side of Highway 218 about a block to 450 feet south of the intersection of Highways 1 and 218. The taking was of a 1200 square foot strip of land on the east side of plaintiffs' north lot and seven walnut trees along the east front. Access to the entire property was also limited.

The only ultimate question for the jury was the amount to be awarded as damages. They were told in Instruction 4 the measure of plaintiffs' damages was the difference between the fair and reasonable market value of the property as a whole immediately before and immediately after the condemnation, not taking into consideration any benefits that might result to plaintiffs on account of the improvement.

Each party called two witnesses to give opinions of before-and-after market value of plaintiffs' property. Richard Larew, one of the plaintiffs, a graduate of the University of Iowa in engineering, a builder and experienced real-estate developer, gave his opinion the before market value was $50,000, the after value $27,500, making a difference of $22,500. Plaintiffs' second witness, Homer Berven, a licensed real-estate broker and appraiser of many years experience for insurance companies and FHA, gave his opinion the before market value was $49,925, the after value $34,900, making a difference of $15,025.

Defendant's value witnesses were both Iowa City realtors and experienced appraisers. For the last two or three years they had devoted most of their time to appraising for the Highway Commission. James W. Pearson was paid $24,000 by the commission during that period. Defendant's other witness, Samuel B. Whiting, received $17,000 during 1960 and 1961. They were the regular appraisers for the commission in the area. Pearson

gave his opinion the before market value was $37,000, the after value $33,800, making a difference of $3200. Whiting stated his opinion the before market value was $40,000, the after value $36,850, making a difference of $3150.

The court's ruling states:

"The Court in its ruling herein gives no consideration to the question of adequacy or inadequacy of the verdict returned by the jury in this case. The only questions determined are: was the verdict contrary to the evidence; was the verdict in conflict with the evidence and not supported by the evidence; and, were Plaintiffs denied a fair and impartial trial.

"The jury verdict was in the amount of $3000. Defendant offered the expert testimony of two witnesses on values, one James Pearson, who placed the damages to Plaintiffs in the sum of $3200, and the other Samuel Whiting, who placed the damages to Plaintiffs in the sum of $3150. Both of said values of damages were more than the verdict returned. The Court is of the opinion that if, during the trial, Plaintiffs had moved for a directed verdict for the least of the two amounts fixed, $3150, the Court as a matter of law would have been justified in granting the motion.

"There is no question under the record but what the verdict returned was contrary to and in conflict with the evidence, and that Plaintiffs' Motion as amended should be sustained.

"Now THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that Plaintiffs' Motion as amended, as specified above, should be and the same is hereby sustained. The verdict of the jury is set aside and Plaintiffs are awarded a new trial."

Defendant contends the verdict was not contrary to the evidence and that the trial court abused its discretion in granting a new trial.

■ We cannot agree that the jury was bound as a matter of law to return a verdict of at least $3150 although a careful study of the record fails to disclose any reasonable basis for the $3000 verdict. Defendant argues the jury could have accepted Pearson's before value of $37,000 and Berven's after value of $34,900 and arrived at $2100 difference. Assuming (without

deciding) that to be correct it lends little, if any, weight to defendant's claim the verdict is supported by the evidence.

█ It is well settled the trier of facts is not absolutely bound by the testimony of experts upon values, even when undisputed, but may use his own knowledge and judgment in connection with the testimony. Wood v. Wood, 220 Iowa 441, 262 N.W. 773; Nicholson v. City of Des Moines, 246 Iowa 318, 67 N.W.2d 533; Kellerhals v. Kallenberger, 251 Iowa 974, 103 N.W.2d 691; 20 Am. Jur., Evidence, section 1208. Of course opinions of witnesses as to value may not be arbitrarily disregarded. Moore v. Chicago, R. I. & P. R. Co., 151 Iowa 353, 131 N.W. 30; Fowle v. Parsons, 160 Iowa 454, 456, 141 N.W. 1049, 1050, 45 L. R. A., N. S., 181; Henrich v. Oppedal, 248 Iowa 509, 511, 81 N.W.2d 429, 430; Kellerhals v. Kallenberger, supra.

█ In Fowle v. Parsons, supra, it is said: "Such opinions of experts are intended as an aid to the jury. The jury may not arbitrarily, without cause, disregard them. The matter is to some extent under the control of the court after verdict. If the finding is too large, it may be reduced; if so small that justice has not been done, the court may, in its discretion, grant a new trial."

In Henrich v. Oppedal, supra, it is said:

"It is the duty and function of jurors to use their knowledge of affairs, and their judgment in connection with testimony offered. They may take all testimony into consideration, and using their good judgment may draw proper conclusions. However, they cannot disregard the testimony and arbitrarily fix amounts for which there is no basis in the evidence. When the verdict is radically inconsistent with undisputed evidence the trial court is justified in granting a new trial. Tathwell v. Cedar Rapids, 122 Iowa 50, 97 N.W. 96; Jensen v. Duvall, 192 Iowa 960, 185 N.W. 584; Wilson v. Manville, 194 Iowa 26, 188 N.W. 932; Leake v. Azinger, 214 Iowa 927, 243 N.W. 196; In re Estate of Murray, 238 Iowa 112, 26 N.W.2d 58; Whiting v. Cochran, 241 Iowa 590, 41 N.W.2d 666; Burke v. Reiter, 241 Iowa 807, 42 N.W.2d 907; Elings v. Ted McGrevey, Inc., 243 Iowa 815, 53 N.W.2d 882; Hall v. West Des Moines, 245 Iowa 458, 62 N.W.2d 734."

1094

■ It is apparent the trial court felt the testimony of defendant's witnesses as to value represented the lowest conceivable amount of plaintiffs' damages. He had followed the testimony of all the experts including thorough vigorous cross-examination as to qualifications and methods or approaches used by each in arriving at opinions. It was the right and duty of the trial court to scan the course of the trial and the verdict returned. If for any reason supported by the record he concluded justice had not been done he had the unquestioned right to order a new trial, even though such reason did not in itself amount to reversible error. Hall v. West Des Moines, 245 Iowa 458, 62 N.W.2d 734.

■ A new trial should be granted when the trial court feels the verdict fails to administer substantial justice or it appears the jury has failed to respond truly to the real merits of the controversy. In re Estate of Murray, 238 Iowa 112, 26 N.W.2d 58; In re Iowa-Illinois Gas & Elec. Co., 242 Iowa 534, 47 N.W.2d 162; Elings v. Ted McGrevey, Inc., 243 Iowa 815, 53 N.W.2d 882; Hall v. West Des Moines, supra; Henrich v. Oppedal, 248 Iowa 509, 81 N.W.2d 429; Allbee v. Berry, 254 Iowa 712, 119 N.W.2d 230; Coleman v. Brower Construction Co., 254 Iowa 724, 731, 119 N.W.2d 256, 260, and citations.

■ We have repeatedly pointed out the wide discretion the trial court has in granting a new trial. It is well settled that the discretion of the trial court to order a new trial is greater than that of this court. We interfere reluctantly and infrequently with such an order. Only a clear showing of abuse of discretion will justify such interference. In re Iowa-Illinois Gas & Elec. Co., 242 Iowa 534, 536, 537, 47 N.W.2d 162, 163, and citations; Hall v. West Des Moines, supra; Henrich v. Oppedal, 248 Iowa 509, 514, 81 N.W.2d 429, 432 and citations; Coleman v. Brower Construction Co., 254 Iowa 724, 731, 119 N.W.2d 256, 260, and citations.

■ After a careful review of the entire record we find no abuse of discretion in granting the new trial.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.